



AUG 19 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

Jamie Osuna, CDCR # BD0868

Pl.,

                        against

J. Burnes, et al
 Defs.

Docket No.: 1:24-cv-00793-SAB (PC)

**PL. MOTION:**

**REQUEST FOR COURT ORDER TO RESTORE PL.'S ACCESS TO LEGAL BOOKS AND MATERIALS**

**TO HON. STANLEY L. BOONE OF THE EASTERN DISTRICT OF CALIFORNIA:**

Pl. alleges that this Court's legal mail sent to Pl. has been opened/read by CSP-COR staff, and Pl.'s legal properties have been removed from his possession. Pl. alleges that case text/law research materials have additionally been removed/withheld out of his regular USPS mail. Pl. requests an order to be issued to CSP-COR to restore Pl.'s legal texts, including the books from Prison Legal News, which CSP-COR has stated are not legal books, and return Pl.'s confiscated notes/documents. Pl. requests the same order direct CSP-COR to allow Pl. access to and have in his possession case law/text for Pl.'s legal research.

In mid/late-July 2024, this Court's correspondence to Pl. was opened and reviewed by staff before being brought to Pl. when pursuant to CA Title 15 § 3143 legal mail must be opened in front of the prisoner addressee. Hayes v. Idaho Correctional Center (2017), and Mangiaracina v. Penzone (2017) (citations omitted) found prison staff opening inmates' legal mail outside of the inmates' presence deprived the inmates of access to courts and due process, in violation of the First and Sixth Amdts. to the U.S. Constitution. On or around 07/19/24, around 5:26 pm, J. Romero (CO) delivered to Pl. the pre-opened mail. Pl. requested that before Pl. accepted the mail

that it be documented this legal mail had been opened by staff outside of Pl.'s presence. J. Romero then reported to A. [J.] Luviano-Martinez (Sgt.) that Pl. had refused the legal mail. A. Luviano-Martinez next went through the envelope at Pl.'s cell-front, reviewing each document in full view of his body camera. A. Luviano-Martinez later instructed his staff to write up Pl., and Pl. later received two write-ups.

08/01/24, Pl. filed a 602/grievance on the above-described incident. 08/02/24, 4 pm – 5 pm, as captured on body/unit camera footage, while Pl. was out of his cell at visiting, Def. E. Moreno, others including A. Luviano-Martinez, M. Hernandez (IGI), J. Romero, F. Barrios (Lt.) entered Pl.'s cell and removed all of Pl.'s legal textbooks, notes and documents, including inmate affidavits. An inmate witness for the above-described event recorded staff actions/times and provided this information to Pl. Def. E. Moreno has not been assigned to 4A1R since before around 2023, so this Def. *unusually* came over from a different section of the prison to participate in this cell search/seizure.

Staff have since informed Pl. that a weapon was found between the pages of one of Pl.'s legal textbooks when Pl. did not have a weapon. This weapon was not reported during the actual cell search and was not photographed at that time. Pl. was notified around 9 pm of the supposed weapon. No photographs or actual measurements were later taken of this supposed weapon. Staff additionally were not able to produce the weapon, stating to Pl. that they had "thrown it away." CDCR DOM 52051.13 guides that "Inmate manufactured weapons shall be retained in evidence pending legal appeal." Even tools/contraband have similar policies guiding retention times. Only 30 seconds of body camera footage of the search was shown to Pl. with staff refusing to show Pl. additional footage. *The Five Prisons Remedial Plan* (Armstrong v. Newsom, et al) requires that the footage of an incident with events leading up

to/following the incident are to be captured/preserved, and that inmates are provided the opportunity to view/use any related footage when issued an RVR. 4:94-cv-02307-CW, document 3392-2.

On or around 08/03/24, Pl. was allowed to select four legal books to keep. Pl.'s notes, documents/evidence, inmates' affidavits, bookmarks, all stored between the pages of his books, were now missing. A. Luviano-Martinez stated to Pl. the actual prices of Pl.'s books and that A. Luviano-Martinez had looked these prices up on an internet search engine. The property officer asked if Pl. wanted to donate his items/books.

The reasons provided to Pl. for the cell search/seizure remain in contradiction. Staff informed Pl. this supposed weapon possession may be recommended as a charge to the Kings County DA and or an RVR (institutional write up.) Prior to the search/seizure, Pl. had been told his cases/litigation would "get nowhere." Pl.'s visitation/communication rights/privileges have also been passively threatened.

The week of around 07/29/24, case text/case law was removed from Pl.'s regular mail— including public/redacted OIA report *C-COR-083-20-A* (for a 2019 incident) covering Def. J. Burnes' same allegations against Pl. made against another inmate. Pl. intended to cite this document in his litigation as support for Def. J. Burnes' alleged pattern of violence, misconduct, and dishonesty, as the OIA report found Def. J. Burnes' statements uncorroborated or in conflict with other interviewees. CSP-COR Mailroom/Program Office gave PL. an *1819 Mail Disallowance Form*. CSP-COR considered Pl. having this redacted document or case texts as legally "aiding" that inmate, who is not in CSP-COR and who is not affiliated with and not in contact with Pl., and that if Pl. were to "aid" this/any inmate that Pl. was required to get that inmate's permission via special forms.

Law Library told Pl. there are no such forms as described/required by CSP-COR's Mailroom/Program Office, that Pl. can use case text/law without the petitioner-inmate's permissions as these types of materials are publicly available on legal aggregate databases (e.g. LexisNexis, Pacer, Casetext, others.)

Against CDCR's DOM policies, the Mailroom/Program Office has been considering Pl.'s USPS certified mail, some of which contain case text/case law, as confidential/legal mail, despite that staff opened, reviewed, removed items/case text from that supposed legal mail. By classifying certified mail as legal/confidential mail from a non-legal party, staff are enabled under CA Title § 3141 to issue disciplinary and or other measures against Pl. and or his senders. CDCR DOM 54010.11 covers certified mail processes. CDCR DOM 54010.11 covers confidential mail processes—the above-described actions do not align with these DOM procedures.

Respectfully submitted on August 15, 2024

p.p. Jamie Osuna, CDCR # BD0868

PO Box 3476 CSP-Corcoran

CA 93212

1:24-cv-00793-SAB (PC)
DOC: MOTION; REQUEST FOR ORDER TO RESTORE PL.'S LEGAL MATERIALS/ACCESS