UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE OSUNA,<br><br>    Plaintiff,<br><br>    v.<br><br>J. BURNES, et al.,<br><br>    Defendants. | No. 1:24-cv-00793-KES-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>(ECF No. 17) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for a court order to restore his access to legal books and materials, filed August 19, 2024. Plaintiff seeks a court order to restore his access to legal books and materials. The Court construes Plaintiff's motion as a request for a preliminary injunction.

## I.

## LEGAL STANDARD

The primary purpose of a preliminary injunction is preservation of the status quo. See, e.g., Ramos v. Wolf, 975 F.3d 872, 887 (9th Cir. 2020). More specifically, the purpose of a preliminary injunction is preservation of the Court's power to render a meaningful decision after a

trial on the merits. See, e.g., Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981); Barth v. Montejo, 2021 WL 1291962, at *1 (E.D. Cal. Apr. 7, 2021).

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20–22 (2008)); see also All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); Stormans, 586 F.3d at 1127; Cottrell, 632 F.3d at 1131. Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See, e.g., Winter, 555 U.S. at 20; Stormans, 586 F.3d at 1127.

A preliminary injunction is an extraordinary remedy that is not awarded as of right. Winter, 555 U.S. at 24. The burden to achieve injunctive relief is particularly high when a party seeks a mandatory injunction. See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015). Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and requires that a motion include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). Further, the injunctive relief an applicant requests must relate to the claims brought in the complaint. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").  Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant Plaintiff any relief. Id. at 636.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); Villery v. California Dep't of Corr., 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016).  As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000). The court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it." Beaton v. Miller, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020); Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1983).

## II.

## DISCUSSION

Here, Plaintiff's motion does not demonstrate that he is likely to succeed on the merits, that he will suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in the public interest.   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties

in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969.

A federal district court may issue injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K., 757 F.2d 1058, 1061 (9th Cir. 1985). The Court may not attempt to determine the rights of persons not before it. See Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

As stated in the Court's July 23, 2024 screening order, Plaintiff has not yet stated a cognizable claim for relief, and the Court cannot find he is likely to proceed succeed on the merits. In addition, no Defendant has been ordered served, and no Defendant has yet made an appearance.  Thus, at this time the Court lacks personal jurisdiction over prison officials or any other staff who process Plaintiff's legal mail.  Further, the Court notes that mail from the Court is not considered "legal" mail within the First Amendment.  Hayes v. Idaho Correctional Center, 849 F.3d 1204, 1211 (9th Cir. 2017); see also Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). Accordingly, Plaintiff's motion for a preliminary injunction must be denied.

### III.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction (ECF No. 17), filed on August 19, 2024, be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

///

///

specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 20, 2024**

UNITED STATES MAGISTRATE JUDGE