1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   JAMIE OSUNA,                              No.  1:24-cv-00793-KES-SAB (PC)

12              Plaintiff,                      ORDER ADOPTING FINDINGS AND
                                               RECOMMENDATIONS TO DISMISS
13        v.                                   CERTAIN CLAIMS AND DEFENDANTS

14   J. BURNES, et al.,                        Doc. 24

15              Defendants.

16

17        Plaintiff Jamie Osuna is proceeding pro se and in forma pauperis in this action filed

18   pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States magistrate judge

19   pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

20        On April 7, 2025, the assigned magistrate judge screened plaintiff's second amended

21   complaint ("SAC") and found that plaintiff stated a cognizable claim for deliberate indifference to

22   his safety against defendants J. Burnes, E. Romero, K. Kyle, V. Pena, and E. Sanchez, and a

23   cognizable retaliation claim against defendants V. Pena, E. Sanchez, J. Burnes, and A. Loza.

24   Doc. 24.  The magistrate judge recommended that all other claims and defendants be dismissed

25   from the action for failure to state a cognizable claim for relief and that further leave to amend

26   was not warranted.  *Id.*  The findings and recommendations were served on plaintiff and notified

27   him that any objections were to be filed within fourteen (14) days after service.  *Id.* at 18.

28   Plaintiff filed timely objections on April 14, 2025, which are summarized below.  Doc. 25.

1

*Objection 1*—plaintiff contends that the magistrate judge erred in construing his claims concerning false allegations and disciplinary reports as due process claims rather than retaliation claims. *Id.* at 1–3. He also argues that he has stated cognizable retaliation claims based on defendants taking adverse action against him for filing grievances and complaints. *Id.*

*Objection 2*—plaintiff appears to object to the finding that the retaliation-based allegations in the section of the SAC titled "claims for relief" are not cognizable, asserting that the magistrate judge "erroneously confuses the damages for adverse action allegation as the claim." *Id.* at 3. In support of this position, plaintiff broadly asserts that he experienced "unfavorable classification decisions," "termination from programs[,] and exclusion" for exercising his First Amendment rights. *Id.*

*Objection 3*—plaintiff argues that the findings and recommendations incorrectly found that he failed to allege a cognizable claim for deliberate indifference to his serious medical needs. *Id.* at 4–5. Plaintiff contends that defendants were aware of his various mental health and physical conditions and knew that injury would result from delay in treatment. *Id.*

*Objection 4*—plaintiff argues that he has sufficiently alleged a deliberate indifference to safety claim based on allegations that defendants told other inmates that plaintiff was a sex offender and a snitch. *Id.* at 5–7.

*Objection 5*—plaintiff objects to the section of the finding and recommendations addressing supervisory liability, arguing that defendants Clark and Campbell were personally involved in the alleged constitutional deprivations by ordering unspecified defendants to commit certain acts, including beatings. *Id.* at 7–10. Plaintiff contends that the magistrate judge erroneously confused certain allegations that were intended to support inferences of defendants' knowledge and malicious intent as the constitutional claim. *Id.* at 10.

*Objection 6*—plaintiff objects "to the Magistrate's denial for not screening or accepting [his] claim for deliberate indifference to safety" concerning housing with L. Romero, beatings by correctional officer defendants, and interference "with [plaintiff's] use of force documentation interview." *Id.* at 10–12. As the claim concerning housing with L. Romero was found cognizable in the findings and recommendations, that specific objection is not addressed below.

*Objection 7*—plaintiff objects to the finding that he failed to state cognizable claims for retaliation and for denial of access to the courts based on allegations of stolen mail, beatings, threats, cell searches, and destruction of his documents. *Id.* at 12–15. He again contends that the magistrate judge "mixed up retaliation claims or exercising protected conduct with access to court claims, such as right to assistance claims, which are held by different stand[ards]." *Id.* at 14.

*Objection 8*—plaintiff objects to the section of the findings and recommendations addressing his requests for declaratory and injunctive relief. *Id.* at 15. Plaintiff also objects to the allotment of 25 pages within which to state his claims and asserts that he was unable to add exhibits to adequately support his "retaliation claims and medical conditions" within those page limitations. *Id.*

In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. Having carefully reviewed the matter, including plaintiff's objections, the Court finds the conclusions that plaintiff has stated a cognizable claim for deliberate indifference to his safety against defendants J. Burnes, E. Romero, K. Kyle, V. Pena, and E. Sanchez, and a cognizable retaliation claim against defendants V. Pena, E. Sanchez, J. Burnes, and A. Loza to be supported by the record and proper analysis.

To the extent plaintiff relies on allegations of false disciplinary reports, stolen mail, cell searches, and destruction of documents to assert he has stated cognizable retaliation claims, his first, second, and seventh objections are unpersuasive. For the reasons explained in the findings and recommendations, these allegations are factually insufficient. Doc. 24 at 10–11, 14 n.1, 15–17. Although the findings and recommendations evaluated certain allegations as due process or access to court claims, rather than as retaliation claims, the findings of factual insufficiency remain supported because the basic pleading requirements for plausibility apply to both types of claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Notwithstanding these deficiencies, the SAC does contain other allegations with greater factual support that warrant discussion below.

To state a First Amendment retaliation claim in the prison context, a plaintiff must allege "(1) adverse action by a state actor against the inmate (2) because of (3) that prisoner's protected conduct, and the action (4) chilled the inmate's exercise of his First Amendment rights and (5) did

not reasonably advance a legitimate correctional goal." *Johnson v. Ryan*, 55 F.4th 1167, 1201 (9th Cir. 2022) (citing *Chavez v. Robinson*, 12 F.4th 978, 1001 (9th Cir. 2021)).  With respect to the first element, the Ninth Circuit has held that "the mere *threat* of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect." *Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009).

Here, liberally construed, plaintiff's allegations concerning an incident on January 23, 2019, where defendant Burnes bashed his head into a wall, defendant Alejo then said, "are you gonna keep writing grievances" and plaintiff was told "we'll stop when you stop with grievances" are sufficient to state a retaliation claim against Burnes and Alejo.  Doc. 22 at ¶ 43.  As are the allegations that defendant Burnes continued to make threats against plaintiff to stop filing grievances.  *Id.* at ¶¶ 44–46.  Conversely, the allegations that on or around March 2019, defendant Navarro told plaintiff that a prior assault and battery against him was "nothing compared" to what would be done to him if he refused to participate in an interview following the death of his cellmate, L. Romero, are not sufficient to state a retaliation claim because plaintiff does not allege that this threat occurred because of any protected conduct.  *Id.* at ¶ 65.  The allegations concerning an incident on or around September 2020—after plaintiff submitted a letter in August 2020 alleging retaliation—in which Navarro placed a can of mace facing plaintiff and said he was put in the unit "to put out fires," had "br[o]ke a lot of ribs" to get where he was, and told plaintiff to "stay out the way" from then on, are sufficient to state a retaliation claim against Navarro.  *Id.* at ¶¶ 82, 95.  In sum, the SAC also states plausible retaliation claims against defendants Burnes, Alejo and Navarro as set forth above.

Plaintiff's third objection provides no basis to undermine the findings and recommendations, which correctly found that the allegations in the SAC were insufficient to support a finding that any specific defendant acted with deliberate indifference to plaintiff's serious medical needs.  Doc. 24 at 13.  The objections fail to meaningfully address this shortcoming and instead contain broad assertions that at unspecified times unnamed defendants knew of plaintiff's conditions, and plaintiff experienced indeterminant delays and harms untethered to any specific conduct.

Plaintiff's fourth and sixth objections are also unpersuasive. "The Eighth Amendment encumbers prison officials with a duty to provide humane conditions of confinement, including a responsibility to protect prisoners from violence at the hands of other prisoners." *Lyons v. Dicus*, 663 F. App'x 498, 500 (9th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994)). "To establish a violation of this duty, the prisoner must establish that prison officials were 'deliberately indifferent to a serious threat to the inmate's safety.'" *Bowell v. Montoya*, No. 117CV00605LJOGSAPC, 2018 WL 4826054, at *5 (E.D. Cal. Oct. 3, 2018) (quoting *Farmer*, 511 U.S. at 834), *report and recommendation adopted*, No. 117CV00605LJOGSAPC, 2018 WL 5310778 (E.D. Cal. Oct. 25, 2018).

Although plaintiff alleges that certain defendants told other inmates that plaintiff was a sex offender and a snitch, "he does not allege that he was assaulted or threatened with assault by any inmate." *Torres v. Avalos*, No. 22-CV-00053-FWS-AGR, 2024 WL 3008864, at *3 (C.D. Cal. Mar. 19, 2024) (finding similar allegations insufficient to state a deliberate indifference to safety claim). In *Valandingham v. Bojorquez*, the Ninth Circuit recognized that a prisoner's allegations of being labeled a snitch and later approached by other inmates *and threatened with harm* may support a claim "for violation of [the] right to be protected from violence while in custody." 866 F.2d 1135, 1138 (9th Cir. 1989); *see also Lyons*, 663 F. App'x at 500 (finding prisoner labeled a snitch who did not allege specific facts demonstrating danger or threats by other inmates in original complaint was not foreclosed from doing so in an amended pleading). But the SAC alleges that *plaintiff* has a felony case against him that "occurred with the death of L. Romero," but neither pleading alleges that Romero or any other inmate attacked or threatened *plaintiff*. Docs. 22 at ¶ 63; 25 at 6.

Plaintiff relies on *Hearns v. Terhune*, 413 F.3d 1036, 1041 (9th Cir. 2005) for the proposition that "[p]rison officials may be found deliberately indifferent if they fail to protect inmates who are obvious victims or have been identified as at risk or if they place an inmate in danger from others who are known to be aggressive and violent." Doc. 25 at 6. In *Hearns*, the prison's Islamic Chaplain told Muslim inmates who violently attacked the plaintiff on a prior occasion and who were attempting to steal prayer oil from other inmates that the plaintiff planned

1   to secretly deliver oil to another inmate, "believed there was a prophet after Muhammad," and

2   "did not follow the teachings of Muhammad." *Hearns*, 413 F.3d at 1041. Plaintiff's reliance on

3   *Hearns* is misplaced as he has failed to allege that any defendant told Romero that plaintiff was a

4   sex offender or a snitch, or that he experienced any attack resulting from those communications.

5          Concerning the alleged interference with plaintiff's "use of force documentation

6   interview," plaintiff does not explain how such interference presented a serious threat to his

7   safety. And as explained in connection with plaintiff's fifth objection below, the allegations that

8   supervisors decided to assign unspecified correctional officers who had purportedly beaten

9   plaintiff to continue overseeing him are lacking sufficient factual detail to state a cognizable

10  claim.

11         With respect to the fifth objection, the findings and recommendations correctly

12  determined that plaintiff "may not simply attempt to hold the supervisory Defendants liable

13  without any factual allegations regarding their personal involvement in the alleged constitutional

14  violation or a causal connection between their wrongful conduct and the violation." Doc. 24 at

15  15. The SAC is deficient in this respect and the objections fail to demonstrate that any specific

16  defendant was personally involved in the alleged misconduct. The objections provide conclusory

17  allegations that unspecified defendants were aware of hundreds of prisoner complaints based on

18  similar misconduct, but plaintiff was already advised that "simply stating (without factual

19  support) that these supervisor individuals knew or should have known of the alleged misconduct

20  based on prior complaints or written letters is likewise insufficient to state a cognizable claim for

21  relief." *Id.* at 15–16 (collecting cases). In sum, plaintiff cannot rely on conclusory statements.

22  The lack of sufficient factual support for his supervisory liability claims precludes their

23  advancement.

24         Finally, plaintiff's eighth objection provides no basis to undermine the findings and

25  recommendations because plaintiff merely states he disagrees with the conclusions reached

26  therein. Plaintiff identifies no error of law or fact in the magistrate judge's analysis of his

27  requests for declaratory and injunctive relief. With respect to imposing page limitations, the

28  magistrate judge did not err where plaintiff had originally filed a 261-page complaint "containing

6

extraneous factual allegations, speculative conclusions, and unnecessary citations to caselaw." Doc. 15 at 4.  Plaintiff need not offer exhibits or other evidence at the screening stage to allege a cognizable claim for relief, but he must allege facts sufficient to allow for the inference that each defendant is liable for the misconduct alleged.  *See* Fed. R. Civ. P. 8(a)(2) (a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

For the reasons explained above:

1. The findings and recommendations issued on April 7, 2025 (Doc. 24), are adopted as set forth above, except that the Court finds plaintiff has also stated plausible retaliation claims against defendants J. Alejo and C. Navarro;

2. This action shall proceed on plaintiff's claims against defendants J. Burnes, E. Romero, K. Kyle, V. Pena, and E. Sanchez for deliberate indifference to his safety, and on his claims against defendants V. Pena, E. Sanchez, J. Burnes, A. Loza, J. Alejo, and C. Navarro for retaliation in violation of the First Amendment;

3. All other claims and defendants are dismissed from the action; and

4. The matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   September 14, 2025

UNITED STATES DISTRICT JUDGE