

FILED
DEC 12 2025
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Jamie Osuna BD0868
PO Box 3476,
Corcoran, CA 93212,
    Plaintiff,

v.

J. Burnes, et al,
    Defendants.

No. 1:24-cv-00793-KES-SAB

**PLAINTIFF'S MOTION FOR ORDER COMPELLING PRESERVATION OF EVIDENCE (INCLUDING VIDEO, ESI, CLASSIFICATION FILES, GRIEVANCES, HEALTH RECORDS, AND CONFIDENTIAL MATERIALS)**

Plaintiff respectfully requests a Preservation Order under the Court's inherent authority and Fed. R. Civ. P. 37(e). The requested order is necessary because (1) Defendants exclusively control all evidence relevant to the claims already found cognizable; (2) CDCR and the Attorney General have previously disseminated Plaintiff's confidential information without authorization in a related federal action; (3) Plaintiff is simultaneously involved in multiple ongoing judicial proceedings, including a pending capital-eligible criminal matter and an active writ proceeding before the California Supreme Court; and (4) substantial risk exists that evidence may be lost, altered, overwritten, or mishandled absent immediate Court intervention.

## I. PRIOR UNAUTHORIZED DISCLOSURES IN *SOLARES v. DIAZ* DEMONSTRATE PRESERVATION CANNOT BE LEFT TO CDCR OR THE ATTORNEY GENERAL

In *Solares v. Diaz*, 1:20-cv-00323-LHR-BAM, the Attorney General and CDCR released Plaintiff's confidential C-File materials, mental-health information, medication lists, and recordings of Plaintiff's interrogation while he was in acute mental-health care—all without notice to Plaintiff, his criminal defense counsel, or the state criminal court. Plaintiff was not a party to *Solares* and had no representation or opportunity to object.

Despite Plaintiff's emergency filings, including an interlocutory appeal to the Ninth Circuit, officials continued disseminating these confidential materials without any judicial ruling on his objections.

These releases occurred while Defendants now argue in this action that Plaintiff's claims

are time-barred. The inconsistency is direct and material:

- In *Solares*, Defendants treated Plaintiff's evidence as current, relevant, and essential, and released it without restriction.
- In this action, they characterize Plaintiff's allegations as untimely and stale.

This contradictory conduct, combined with the prior unauthorized disclosures, demonstrates that preservation cannot rely on internal agency discretion. A judicial preservation order is required.

## II. MULTIPLE ACTIVE JUDICIAL PROCEEDINGS MAKE EVIDENCE PRESERVATION MANDATORY

Plaintiff is simultaneously:

1. A criminal defendant in a capital-eligible case that remains in the pre-preliminary stage;
2. A petitioner before the California Supreme Court seeking dismissal based on misconduct tied directly to the allegations in this civil action (See Case No. S294108, *Osuna v. S.C.*);
3. A third party whose confidential evidence continues to appear in filings in *Solares*.

Evidence in this civil case directly affects each of these proceedings. Because Defendants themselves placed Plaintiff's confidential materials into other federal litigation, preservation cannot depend on internal CDCR or Attorney General practices.

Destruction or alteration of evidence here would:

- impair Plaintiff's constitutional rights in the criminal matter;
- impair the California Supreme Court's ability to evaluate misconduct;
- obstruct the correction of the record in *Solares*.

Because Plaintiff must lawfully use discovery materials across these judicial forums, ***no NDA, confidentiality agreement, or protective order may restrict Plaintiff's use of evidence***. Such restrictions would violate due process, hinder Plaintiff's defense, and contradict Defendants' own prior treatment of Plaintiff's confidential materials as freely releasable.

## III. PLAINTIFF WILL NOT AND CANNOT AGREE TO ANY NDA OR RESTRICTIVE PROTECTIVE ORDER

Given:

- Defendants' prior unauthorized disclosures;
- the ongoing capital-eligible criminal case;
- the active California Supreme Court writ;
- the federal *Solares* litigation;
- the significant public-interest component inherent in government-misconduct cases; and
- Plaintiff's constitutional right to use evidence in his defense;

***Plaintiff will not agree to any NDA or protective order restricting the use or disclosure of evidence produced in this action***.

Any such restriction would:
1. Prejudice Plaintiff's criminal defense;
2. Interfere with the California Supreme Court's ability to review misconduct;
3. Prevent correction of the record in *Solares*;
4. Conflict with Defendants' own conduct in disseminating Plaintiff's records; and
5. Undermine public-access doctrines applicable to claims involving government misconduct.

The longer this litigation proceeds, the more evidence will, by operation of motion practice and Rule 37, enter the public record. No protective order can override these doctrines.

## IV. PLAINTIFF'S ADJUDICATED INCOMPETENCY, FORCED-MEDICATION ORDERS, AND RESTRICTIVE HOUSING CONDITIONS MAKE PRESERVATION ESPECIALLY CRITICAL

Plaintiff was adjudicated mentally incompetent from approximately January 2021 through May 2021 in his ongoing capital-eligible criminal matter. During and after this period, Plaintiff remained under continuous PC § 2602 involuntary-medication orders, was housed in SHU/RHU conditions, and had severely limited access to legal materials.

Because the criminal case remains in the pre-preliminary stage, these restraints continue

today. These disabilities—imposed and maintained by the State—underscore the necessity of a preservation order, as Plaintiff has had limited ability to safeguard evidence, and only Defendants possess the majority of relevant materials.

## V. CATEGORIES OF EVIDENCE AT RISK OF LOSS OR ALTERATION

The following categories are at significant risk of loss, overwriting, alteration, or incomplete retention without Court intervention:

1. All fixed, portable, handheld, watch-office, escort, transport, court-transport, clinic, hallway, program-office, rotunda, and interview-room video or audio recordings from any system in use during the events alleged in the operative complaint, including metadata, retention logs, overwrite logs, and chain-of-custody documentation;

2. All interview-room logs, handheld-camera logs, watch-office recording logs, sign-out sheets, scheduling records, and media intake forms;

3. All grievances, institutional forms (e.g. "Form 22s", "602s", "7362s", inter alia), letters, routing logs, staff responses, appeal notations, and any logs indicating scanning, rejection, disposal, or disappearance;

4. All classification and 128-G materials, drafts, electronic edits, committee notes, CCHCS input, Title 15 materials, and related communications;

5. All ESI, including emails, SMS/iMessage, Signal, WhatsApp, Telegram, Messenger, Teams/Outlook, cloud storage, and work- or personal-device communications;

6. All personal devices/accounts used by Defendants for work-related communications, including metadata and auto-deletion settings;

7. All R&R logs, property-transfer forms, access logs, inventory sheets, and records relating to handling or movement of Plaintiff's legal property.

These categories are within Rule 37(e)'s protections once the duty to preserve has attached.

## VI. REQUESTED PRESERVATION ORDER

Plaintiff respectfully requests that the Court order CDCR, CCHCS, the Attorney General,

and all named Defendants and custodians to:

1. Preserve all fixed, portable, handheld, watch-office, escort, transport, court-transport, clinic, hallway, program-office, and interview-room video or audio recordings, and any other recordings from any systems in use during the events alleged in the operative complaint, including metadata, retention logs, and chain-of-custody documentation;
2. Preserve all interview-room logs, handheld-camera logs, watch-office recording logs, sign-out sheets, scheduling records, media intake forms, and chain-of-custody documents;
3. Preserve all grievances, routing logs, staff responses, letters, appeal records, and related communications;
4. Preserve all classification and 128-G materials, drafts, edits, emails, and mental-health input records;
5. Preserve all ESI, including emails, text messages, messaging-app communications, cloud accounts, and work- or personal-device communications;
6. Suspend all auto-deletion functions across all CDCR, CCHCS, and personal-device systems;
7. Preserve all records concerning litigation holds or preservation directives;
8. Refrain from proposing or seeking any NDA or protective order that restricts Plaintiff's ability to use evidence in ongoing criminal, writ, or civil matters;
9. Confirm preservation steps in writing within 21 days.

## VII. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court enter the requested Preservation Order.

December 10, 2025

Respectfully submitted,

*/s/ Jamie Osuna*

p.p. Jamie Osuna BD0868