Case 1:24-cv-00793-KES-SAB   Document 33   Filed 12/12/25   Page 1 of 6

FILED
DEC 12 2025
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Jamie Osuna BD0868
PO Box 3476,
Corcoran, CA 93212,
        Plaintiff,
v.
J. Burnes, et al,
        Defendants.

No. 1:24-cv-00793-KES-SAB

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE**
(Doc. 31)

    Defendants' motion should be denied because (1) the Court has already found Plaintiff states cognizable claims; (2) the Second Amended Complaint (SAC) alleges a continuing course of violence, retaliation, threats, interference, and obstruction extending well into the limitations period; (3) the Attorney General's litigation position in *Solares v. Diaz* fatally undermines the statute-of-limitations argument asserted here; (4) statutory, equitable, and estoppel-based tolling apply; and (5) factual disputes preclude dismissal under Rule 12(b)(6). Plaintiff was adjudicated mentally incompetent from around January 2021 through May 2021 in his active capital-eligible criminal case. Before, during, and after this period, Plaintiff remained under PC § 2602 involuntary-medication orders and restrictive SHU/RHU conditions that severely limited his ability to prepare legal filings. These adjudicated restraints directly undermine Defendants' statute-of-limitations theory. Plaintiff is presently litigating related constitutional issues in the California Supreme Court in Case No. S294108, *OSUNA V. S.C. (PEOPLE)*. These proceedings remain active and are directly impacted by evidence at issue here.

**I. THE COURT HAS ALREADY FOUND PLAINTIFF STATES COGNIZABLE CLAIMS**

    In Dckt. 24, the Court held that Plaintiff states cognizable Eighth Amendment deliberate-indifference-to-safety claims arising in part from the January 23, 2019, incident involving Defendant Burnes, as well as multiple First Amendment retaliation claims against Burnes, Pena, Sanchez, and Loza. Dckt. 26 adopted those Findings and Recommendations in full. The SAC now challenged is the same pleading already screened and accepted. A Rule 12(b)(6) motion may not re-litigate factual determinations already made at screening where no new pleading has been filed. See *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (standard under § 1915A mirrors Rule 12(b)(6)). Defendants have not asserted any prejudice from the timing, and the Court should

not infer arguments not raised. The screening order (Dckt. 15) expressly invited Plaintiff to present tolling grounds, which Plaintiff has done.

**Defendants' Request for Judicial Notice is improper and should be denied.** Judicial notice may not be used to introduce disputed facts, to draw factual inferences, or to contradict well-pleaded allegations. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999–1003 (9th Cir. 2018). A court may notice only the existence of a document—not the truth of any statements within it. *Ritchie v. United States*, 342 F.3d 903, 908 (9th Cir. 2003). Here, Defendants improperly seek judicial notice to "smuggle in" factual assertions, construct a competing narrative, and invite the Court to resolve factual disputes about accrual, timeliness, and the grievance process. These are merits issues, not matters of judicial notice. Because the RJN attempts to convert a Rule 12(b)(6) motion into a fact-based challenge relying on outside materials, it is impermissible and should be denied in full. At minimum, the Court must disregard all factual assertions and inferences drawn from the noticed materials and resolve the motion solely on the pleadings, as required by Rule 12(b)(6) and § 1915A.[1]

Defendants' RJN is not a neutral evidentiary request; it is an attempted end-run around the screening order and the Rule 12(b)(6) standard by presenting extra-record factual content as if it were established truth. The Ninth Circuit has repeatedly warned that such misuse of judicial notice is improper and may warrant sanctions where a party "abuses the doctrine to distort the factual record." *Khoja*, 899 F.3d at 1003. Defendants' submission invites exactly that distortion and should be rejected.

## II. PLAINTIFF ALLEGES A CONTINUING VIOLATION THAT EXTENDS INTO THE LIMITATIONS PERIOD

The SAC alleges an ongoing pattern of constitutional violations that did not end in 2019. These include: the physical assaults recognized as cognizable in Dckt. 24; continuing threats and retaliation after Plaintiff filed grievances; interference with the use-of-force interview, including

---

[1] Defendants' misuse of judicial notice—seeking resolution of disputed facts through extra-record materials at the pleading stage—resembles the conduct the Ninth Circuit has cautioned "may invite sanctions." *Khoja*, 899 F.3d at 1003. Plaintiff reserves all rights under Fed. R. Civ. P. 11 and 37.

1 | Burnes positioned behind the camera and threatening Plaintiff, with partially granted grievances;
2 | destruction and disappearance of administrative grievances; interference with access to courts;
3 | repeated placement and influence over Plaintiff's housing and safety; continued proximity despite
4 | required staff separation protocols; and Burnes's current position in R&R, with direct access to
5 | Plaintiff's legal property and ability to interfere with court filings and confidential materials.

These ongoing actions fall under the continuing-violation doctrine recognized in *Douglas v. Noelle*, 567 F.3d 1103 (9th Cir. 2009). Because the SAC alleges misconduct extending into 2020–2024, the cause of action accrued within the limitations period. At minimum, whether this conduct constitutes a continuing violation is a factual question inappropriate for Rule 12(b)(6).

Plaintiff's mental-health constraints were not isolated. The ~January–May 2021 adjudicated incompetency period, followed by continued PC § 2602 involuntary-medication orders, restrictive housing, demonstrates that the constitutional injuries and their effects persisted well into the limitations period. These ongoing restraints form part of the same continuous course of conduct already alleged, reinforcing that accrual did not occur solely in 2019.

### III. THE ATTORNEY GENERAL'S POSITION IN *SOLARES v. DIAZ* FATALLY UNDERMINES THE STATUTE-OF-LIMITATIONS ARGUMENT

Plaintiff is a third-party in *Solares v. Diaz* (1:20-cv-00323-LHR-BAM; E.D. Cal.), a § 1983 action arising from the same 2019 incident and involving the same CDCR defendants and the same Deputy Attorney General/Attorney General. The Attorney General never asserted a statute-of-limitations defense in *Solares*. Instead, counsel litigated the merits for five years, filed multiple rounds of Rule 12 motions raising no limitations argument, and continues litigating the case through 2025–2026.

In *Solares* Dckt. 200, the Attorney General argued, *"However, the Court's order permitting the parties to take Osuna's deposition (ECF No. 170) is proper, and quashing the subpoena would prejudice the parties because they would be unable to obtain Osuna's crucial testimony."* (See *Solares* ECF No. 200 at 21–23.) The Court agreed, ordered that Plaintiff's pre-preliminary deposition for a capital-eligible charge is "GRANTED." (Id., Dckt. 170.) These filings establish that the Attorney General considers evidence from the 2019 incident reliable,

relevant, necessary in 2025; that no prejudice results from any delay; and that the Attorney General is asserting inconsistent litigation positions in two federal actions involving the same factual core. Under *New Hampshire v. Maine*, 532 U.S. 742 (2001), inconsistent positions are barred. The *Solares* action provided continuous notice to Defendants of the identical factual core underlying Plaintiff's claims.

### IV. STATUTORY TOLLING APPLIES UNDER CAL. CODE CIV. PROC. § 352.1

Plaintiff has been continuously confined and, beginning in early 2019 and continuing to the present, has been under ongoing PC § 2602 involuntary-medication orders requiring repeated judicial renewals. These orders reflect adjudicated mental-health impairments and constraints on Plaintiff's ability to access the courts. Under *Hardin v. Straub*, 490 U.S. 536 (1989), state tolling statutes apply to § 1983 claims. § 352.1 applies to prisoners with mental-health limitations that impede litigation. Plaintiff's SHU/RHU placements, adjudicated incompetence during ~2020–2022, and continuing PC § 2602 orders support statutory tolling. Mental-health impairments justify tolling under California law. See, e.g., *Stoll v. Runyon*, 165 F.3d 1238 (9th Cir. 1999).

Plaintiff was adjudicated mentally incompetent from around January 2021 through May 2021 in his pending capital-eligible criminal matter. During this period, Plaintiff remained under PC § 2602 involuntary-medication orders and was housed in SHU/RHU conditions that sharply restricted access to legal property and the ability to prepare filings. An adjudicated period of mental incompetence constitutes a disability for tolling purposes under Cal. Civ. Proc. Code § 352.1. Plaintiff's forced-medication status and custodial restrictions continued after May 2021 and remain in effect due to the ongoing criminal proceedings, which are still in the pre-preliminary stage. These circumstances independently toll the statute of limitations.

Plaintiff's disabilities and custodial restrictions remain ongoing. Plaintiff is currently litigating related constitutional issues before the California Supreme Court in Case No. S294108, *OSUNA V. S.C. (PEOPLE)*. The criminal matter remains in the pre-preliminary stage, and the constraints arising from those proceedings—including PC § 2602 involuntary-medication orders and restricted access to legal property—continue. These ongoing legal and medical disabilities independently toll the statute of limitations under § 352.1.

## V. EQUITABLE TOLLING APPLIES

California's equitable-tolling test, applied through *McDonald v. Antelope Valley Community College Dist.*, 45 Cal. 4th 88 (2008), is satisfied.

(1) <u>Timely notice</u>: Defendants had continuous notice through administrative grievances/complaints, use-of-force reviews, OIA awareness, and *Solares*, where the Attorney General has litigated the same incident for years.

(2) <u>Lack of prejudice</u>: The Attorney General's ongoing litigation of the same 2019 incident in *Solares*, including desiring Plaintiff's deposition in 2025, eliminates any claim of prejudice.

(3) <u>Reasonable, good-faith conduct</u>: Plaintiff faced multi-year SHU/RHU confinement, adjudicated incompetence, continual PC § 2602 orders, loss of legal materials, and interference with grievances/complaints. Plaintiff acted diligently under these constraints.

Equitable tolling also applies because Plaintiff's ~January–May 2021 adjudicated incompetency, combined with ongoing PC § 2602 orders, SHU/RHU placement, and restricted access to legal materials, made timely filing impossible. Plaintiff acted diligently and in good faith under circumstances that the State itself imposed. These court-ordered disabilities satisfy every element of California's equitable-tolling doctrine.

## VI. EQUITABLE ESTOPPEL APPLIES DUE TO DEFENDANT-CAUSED DELAY

Under *Stoll v. Runyon*, 165 F.3d 1238 (9th Cir. 1999), defendants may not benefit from limitations where their conduct prevented timely filing. Burnes's actions, as alleged in the SAC and recognized in Dckt. 24, include physical violence, threats, intimidation during the use-of-force interview, disappearance and destruction of grievances/inter alia, interference with legal property, and continued proximity and influence in R&R despite required staff separation. These actions impeded Plaintiff's ability to seek judicial relief.

## VII. REMEDIES WERE "UNAVAILABLE" UNDER *ROSS v. BLAKE*

The OIA report referenced in the SAC shows that Burnes acted as a grievance reviewer for unit 4A while also being the subject of the grievances. Plaintiff alleged that grievances were destroyed or disappeared, and that filing grievances led to further retaliation. In addition, Plaintiff alleged that legal property processed through R&R—including property relating to Defendants

5

*PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS*

Burnes, Loza, and Kyle—went missing from his property. (SAC ¶ 73.) The loss and interference with legal materials further obstructed Plaintiff's ability to pursue or complete the grievance process. Under *Ross v. Blake*, 578 U.S. 632 (2016), administrative remedies are "unavailable" when officials thwart or obstruct the grievance process. When remedies are unavailable, exhaustion does not run, and the limitations period does not begin.

## VIII. FACTUAL DISPUTES PRECLUDE DISMISSAL

The statute of limitations, continuing-violation doctrine, tolling, estoppel, the impact of PC § 2602 orders, the extent of interference, and the Attorney General's inconsistent litigation positions all present factual disputes requiring discovery. A Rule 12(b)(6) dismissal is improper unless untimeliness is beyond doubt, which is not the case here. Whether remedies were "unavailable," whether retaliation obstructed grievances, and whether Defendants' conduct prevented timely filing are all fact-intensive inquiries inappropriate for dismissal. See *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993).

## IX. CONCLUSION

For these reasons, Defendant Burnes's Motion to Dismiss should be denied in full.

December 10, 2025

Respectfully submitted,

*/s/ James Osuna*

p.p. Jamie Osuna BD0868