Case 1:24-cv-00793-KES-SAB   Document 34   Filed 12/15/25   Page 1 of 3

FILED
DEC 15 2025
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Jamie Osuna BD0868
PO Box 3476,
Corcoran, CA 93212,
 Plaintiff,

v.

J. Burnes, et al,
 Defendants.

No. 1:24-cv-00793-KES-SAB

PLAINTIFF'S MOTION TO STRIKE OR DISREGARD DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

## I. THE RJN IMPROPERLY SEEKS TO EXPAND THE RECORD AND INTRODUCE DISPUTED FACTS

Defendants' Request for Judicial Notice ("RJN") attempts to introduce disputed factual matter, alter the factual landscape previously recognized by the Court, and supply evidentiary assertions that cannot be considered on a Rule 12(b)(6) motion. Ninth Circuit precedent makes clear that judicial notice cannot be used for this purpose. The RJN should therefore be stricken or, at minimum, disregarded in full.

## II. EXHIBIT A IS OFFERED FOR ITS TRUTH AND TO REWRITE THE FACTS—WHICH *LEE, RITCHIE*, AND *KHOJA* EXPRESSLY PROHIBIT

The RJN centers on Exhibit A, a state sentencing document offered not merely to show that such a document exists, but to establish as factual truth that Plaintiff is serving life without parole and to use that asserted fact to defeat statutory tolling. Judicial notice does not permit courts to accept the truth of a document's contents, resolve factual disputes, contradict well-pleaded allegations, or import new facts to defeat a complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001); *Ritchie v. United States*, 342 F.3d 903, 908 (9th Cir. 2003). The Ninth Circuit has repeatedly warned that a defendant may not use judicial notice or incorporation-by-reference to "smuggle in" documents in order to construct a competing factual narrative or short-circuit Rule 12(b)(6). *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999–1003 (9th Cir. 2018).

Defendants' use of Exhibit A is exactly what *Lee, Ritchie*, and *Khoja* prohibit. It is an attempt to rebut Plaintiff's allegations through extrinsic evidence submitted under the guise of

judicial notice. Such material cannot be considered at this stage.

### III. THE COURT HAS ALREADY FOUND FACTUAL UNCERTAINTY; THE RJN IMPROPERLY ATTEMPTS TO OVERRIDE THAT FINDING

When screening the Second Amended Complaint, the Court expressly held:

*"Here, it is unclear whether Plaintiff is serving an indeterminate or determinate sentence."* (ECF. 24 at 10.)

This was a judicial finding of factual uncertainty. The Court did not resolve Plaintiff's sentence type, nor did it hold that § 352.1 tolling was unavailable.

Separately, when screening the original complaint, the Court advised:

*"Based on a review of Plaintiff's complaint, it appears that the statute of limitations may be bar to some of Plaintiff's claims, particularly the claims arising in 2018. Accordingly, if Plaintiff amends the complaint, he should demonstrate that his claims are timely filed and whether he is entitled to any equitable tolling."* (ECF. 15 at 6–7.)

Plaintiff did exactly that in the SAC.

Defendants now attempt to retroactively resolve the sentencing ambiguity noted in ECF. 24 by submitting Exhibit A through an RJN and asking the Court to accept it as dispositive factual proof. Judicial notice cannot be used to "correct" or override the Court's prior findings, nor can it cure factual gaps identified at screening. *Khoja* specifically forbids defendants from reshaping the factual record after screening through judicial notice. 899 F.3d at 1003.

### IV. THE RJN IMPERMISSIBLY SEEKS TO RESOLVE FACT-INTENSIVE TOLLING QUESTIONS AT THE PLEADING STAGE

Tolling is a fact-based inquiry. Plaintiff alleges disability tolling under § 352.1, extended SHU/RHU confinement, involuntary-medication orders, and periods of adjudicated incompetency. At the Rule 12(b)(6) stage, these allegations must be accepted as true. Defendants' attempt to rebut them by introducing Exhibit A as counterevidence is improper.

A court may not consider extrinsic evidence to defeat tolling allegations when resolving a motion to dismiss. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993). If Defendants wish to contest tolling through evidence, they must do so *after discovery* under Rule

56, not through an RJN attached to a motion to dismiss. The RJN seeks to resolve factual disputes on the pleadings, which the Ninth Circuit prohibits.

## V. UNDER CONTROLLING NINTH CIRCUIT LAW, THE COURT CANNOT CONSIDER THE RJN AND SHOULD STRIKE OR DISREGARD IT

The RJN is improper because it seeks to introduce materials outside the pleadings, offers Exhibit A for the truth of disputed factual assertions, contradicts Plaintiff's allegations, attempts to override a prior judicial finding of ambiguity, and invites the Court to resolve tolling and accrual disputes that cannot be addressed at the Rule 12(b)(6) stage. Under *Lee*, *Ritchie*, and *Khoja*, the Court may not consider such materials.

## VI. RELIEF REQUESTED

Plaintiff respectfully requests that the Court strike Defendants' Request for Judicial Notice in its entirety. In the alternative, Plaintiff asks that the Court decline to consider any contents, factual assertions, or inferences associated with Exhibit A or any other RJN materials when ruling on the Motion to Dismiss and evaluate the Motion solely under Rule 12(b)(6) and § 1915A based on the allegations in the Second Amended Complaint.

December 11, 2025

Respectfully submitted,

*/s/ Jamie Osuna*

p.p. Jamie Osuna BD0868