**FILED**

**DEC 17 2025**

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

1
2                UNITED STATES DISTRICT COURT
3                EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jamie Osuna BD0868<br>PO Box 3476,<br>Corcoran, CA 93212,<br><br>                    Plaintiff,<br>        v.<br><br>J. Burnes, et al,<br><br>                    Defendants. | No. 1:24-cv-00793-KES-SAB<br><br>NOTICE OF SUPPLEMENTAL FACTS AND AUTHORITY |

Plaintiff submits this Notice to advise the Court of material facts arising after the filing of Plaintiff's Opposition, Motion to Strike, and Preservation Notice, and to supplement the record accordingly.

1.  On December 12, 2025, Plaintiff was served with a subpoena enforcement order issued at the request of the California Attorney General's Office, the same office defending Defendants in this action.

2.  In that order, the Attorney General characterizes Plaintiff as their "witness" and obtained authorization to compel Plaintiff's appearance for a civil deposition in a parallel federal civil action, *Solares v. Diaz*, No. 1:20-cv-00323-LHR-BAM, arising from the same 2019 incident at issue in this case and involving overlapping Defendants, including Burnes, Kyle-Maytubby, and Loza.

3.  Plaintiff remains an unrepresented third party in that civil action and a pre-trial criminal defendant whose state prosecution remains pre-preliminary hearing and capital-eligible, *People v. Osuna*, No. 19CM-1882, arising from the same factual nucleus. The subpoena enforcement order was served after proceedings in the criminal matter, and no counsel appeared on Plaintiff's behalf in connection with service or enforcement of the order.

4.  Upon service, Plaintiff was told by CDCR Correctional Counselor Christopher Jackson that custodial extraction would be used to compel Plaintiff's appearance for the deposition and that the authority for extraction was contained in a separate order issued "out of

*NOTICE OF SUPPLEMENTAL FACTS AND
AUTHORITY*

Fresno" that was not produced to Plaintiff and did not appear on the face of the subpoena enforcement order.

5. Plaintiff was further told that he would be required to appear for deposition notwithstanding the pendency of the criminal prosecution or the invocation of constitutional privileges.

6. The subpoena enforcement order was served after a criminal court hearing in Plaintiff's pending state prosecution and outside the presence or notice of Plaintiff's criminal counsel and the criminal court, and no appearance or authorization was obtained from the criminal court in connection with service or enforcement of the civil subpoena.

7. On December 14, 2025, Plaintiff filed, as a non-party in the parallel federal civil action, *Solares v. Diaz*, a Motion for Protective Order Civil Deposition under Federal Rule of Civil Procedure 26(c) seeking to bar a compelled deposition or custodial enforcement while the overlapping criminal case remains pending and Plaintiff remains unrepresented in the civil matter.

8. Plaintiff provides advance notice that, because he is a pre-trial criminal defendant facing overlapping criminal exposure and is unrepresented in the civil matter, he will not answer deposition questions and will invoke his Fifth Amendment privilege and right to counsel, rendering any compelled deposition futile, unduly burdensome, and coercive, and forcing an impermissible choice between self-incrimination and contempt.

9. The same California Attorney General's Office that requested enforcement of the civil deposition and that appears for Defendants in this action is also representing the State in opposition to Plaintiff's pending habeas corpus proceedings before the California Supreme Court, Case No. S294108, arising from the same criminal prosecution and factual nucleus.

10. These post-briefing developments underscore the State's centralized control, actual notice, and institutional knowledge regarding Plaintiff's custodial status, pending criminal exposure, and ability to litigate, and are relevant to issues already before this Court, including equitable tolling, estoppel, actual notice, lack of prejudice, and state-caused

*NOTICE OF SUPPLEMENTAL FACTS AND AUTHORITY*

1    interference.

2    <u>Supplemental Authority</u>

3    11. Courts recognize that civil discovery must be stayed or limited where it would interfere

4        with a pending criminal prosecution or force a person to choose between constitutional

5        protections and contempt sanctions. *Keating v. Office of Thrift Supervision*, 45 F.3d 322,

6        324–25 (9th Cir. 1995); *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375–76 (D.C. Cir.

7        1980) (en banc).

8    12. The Fifth Amendment privilege applies whenever testimony could "furnish a link in the

9        chain of evidence" needed for prosecution. *Hoffman v. United States*, 341 U.S. 479, 486

10       (1951). Courts must accommodate invocation of the privilege rather than compel

11       testimony through coercive civil process. *Wehling v. CBS*, 608 F.2d 1084, 1088–89 (5th

12       Cir. 1979).

13

14   This Notice is submitted solely to supplement the record with post-briefing facts and authority

15   and does not seek to reopen argument.

16   December 14, 2025

17   Respectfully submitted,

18

19   *[signature]*

20   p.p. Jamie Osuna BD0868

21

22

23

24

25

26

27

28

3    *NOTICE OF SUPPLEMENTAL FACTS AND AUTHORITY*