Rob Bonta, State Bar No. 202668
Attorney General of California
Jon S. Allin, State Bar No. 155069
Supervising Deputy Attorney General
Jeremy Duggan, State Bar No. 229854
Deputy Attorney General
　1300 I Street, Suite 125
　Sacramento, CA 95814
　Telephone: (916) 210-6008
　Fax: (916) 324-5205
　E-mail: Jeremy.Duggan@doj.ca.gov
*Attorneys for Defendants*
*Burnes, Alejo, Maytubby (Kyle), Loza, Navarro,*
*Pena, Romero, and Sanchez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JAMIE OSUNA,**<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**BURNES, et al.,**<br><br>　　　　　　　　　　　Defendants. | 1:24-cv-00793 KES SAB (PC)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Judge:　　　The Honorable Stanley A. Boone<br>Trial Date:　Not set<br>Action Filed: June 28, 2024 |

　　　Defendants move to dismiss because Osuna's claims are barred by the statute of limitations. In opposition, Plaintiff Osuna argues that the statute was tolled from January 2021 to May 2021 when Osuna was temporarily adjudicated mentally incompetent at the time. Even adding that five-month tolling, the statute of limitations had still run by the time Plaintiff filed his original complaint in this matter, and Osuna's claims are not timely.

　　　Osuna further argues that the statute should be tolled because he was incapacitated due to being under an involuntary medication order and being in restricted housing. But as stated by Osuna, those conditions have been in place since 2021, and continue today. Osuna was not

1

Defs.' Reply in Support of Mot. to Dismiss  (1:24-cv-00793 KES SAB(PC))

incapacitated by those conditions — he filed the complaints in this matter, and his opposition to this motion, while those conditions were in place.

Osuna also argues that he can bring all his claims as a single continuing violation. For a continuing violation, there must be at least one violation that is within the statute of limitations. Here the statute of limitation has run on all Osuna's claims, so the continuing violation doctrine does not apply.

Osuna further argues that the Court should decline to take judicial notice of the fact that Osuna is serving a sentence of life without the possibility of parole. Defendants' Request for Judicial Notice is properly supported by the abstract of judgment from the County of Kern showing that Osuna was sentenced to life without the possibility of parole. And Osuna does not dispute the fact of his sentence — he only disputes whether the court should take notice of what is plainly a matter of public record. Judicial notice of the undisputed fact that Osuna is serving life without the possibility of parole is appropriate.

Osuna makes additional arguments regarding grievance filings and supposedly inconsistent positions taken by the Attorney General's office in another litigation. Neither of those arguments impacts the issue here: whether the statute of limitations ran before Osuna filed. It did, and Defendant motion to dismiss should be granted.

**I.     THE STATUTE OF LIMITATIONS HAS RUN AS TO ALL OF OSUNA'S CLAIMS.**

    **A.     Tolling for Osuna's Asserted Period of Disability Does Not Save the Claims.**

Defendants' moving papers set out the accrual dates for Osuna's cognizable claims in this matter, which fall between January 18, 2019 and September 30, 2020. (Defs.' Mem. of P. & A. at 7, ECF No. 31-1.) Even with tolling for exhaustion of administrative remedies, the statute of limitations on all of Osuna's claims had run by August 6, 2023. (*Id.*)

Osuna asserts that he was adjudicated mentally incompetent from "January 2021 through May 2021," in a criminal matter. (Pl.'s Opp'n at 1, ECF No. 33.) The statute of limitations may be tolled during a period of disability. *See, e.g.,* Cal. Code Civ. Proc. § 352; *Stoll v. Runyon,* 165

2

Defs.' Reply in Support of Mot. to Dismiss  (1:24-cv-00793 KES SAB(PC))

F.3d 1238, 1242 (9th Cir. 1999) (finding tolling for time period where plaintiff was "completely psychiatrically disabled").

Osuna did not assert this tolling period in his complaint. (*See generally* Second Am. Compl. (SAC).) But even if the five months that Osuna asserts he was adjudicated mentally incompetent did toll the statute of limitations, the statute still ran on all of Osuna's claims before Osuna's June 27, 2024 filing date. The below table shows when the statute ran for Osuna's claims as to each incident for which the Court found cognizable claims (with tolling for the period in which Osuna asserts he was adjudicated mentally incompetent):

| Incident | Date of Incident | Date of Accrual | Two Years From Accrual | Tolling | Statute of Limitations Ran |
|---|---|---|---|---|---|
| 1 – Alleged Inaccurate chrono | 1/18/2019 | No later than 3/9/2019 (SAC ¶ 67) | 3/9/2021 | 1/1/2021 to 5/31/2021 | 8/9/2021 (8/7/2021 was a Saturday) |
| 2 – Alleged threats for filing grievances | 1/23/2019-1/27/2019 | 1/27/2019 | 1/27/2021 | 1/1/2021 to 5/31/2021 | 6/28/2021 (6/27/21 was a Sunday) |
| 3 – Alleged false statements to other inmates | 2/2019 | No later than 3/9/2019 (SAC ¶ 67) | 3/9/2021 | 1/1/2021 to 5/31/2021 | 8/9/2021 (8/7/2021 was a Saturday) |
| 4 – Alleged incompatible housing assignment | 3/2019 | No later than 3/9/2019 (SAC ¶ 67) | 3/9/2021 | 1/1/2021 to 5/31/2021 | 8/9/2021 (8/7/2021 was a Saturday) |
| 5 – Alleged retaliatory interview by Navarro | 9/2020 | No later than 9/30/2020 | 9/30/2022 | 1/1/2021 to 5/31/2021 and 9/24/22 through no later than 7/31/23 | 1/4/2024 |

3

Defs.' Reply in Support of Mot. to Dismiss  (1:24-cv-00793 KES SAB(PC))

The statute of limitations ran on all of Plaintiff's claims well before his June 27, 2024 filing of his original complaint. Defendants' motion to dismiss should be granted.

### B. The Statute of Limitations Was Not Tolled for Osuna's Involuntary Medication or Restricted Housing Periods.

Osuna asserts that the statute of limitations should be tolled because he is under an involuntary medication order and lives in a restricted housing unit. (Pl.'s Opp'n at 1.) According to Osuna, those conditions began before 2021, and "remain in effect" currently. (*Id.* at 4.)

Osuna must show that he had a disability that prevented him from filing a lawsuit for tolling to apply. *See, e.g.,* Cal. Code Civ. Proc. § 352 (tolling where person lacks "the legal capacity to make decisions"); *Stoll v. Runyon,* 165 F.3d 1238, 1242 (9th Cir. 1999) (tolling where person "completely psychiatrically disabled"). The conditions Osuna asserts — involuntary medication and living in a restrictive housing unit, do not show that he is psychiatrically disabled or otherwise unable to file a complaint. Indeed, Osuna's opposition admits that he filed the complaint in this matter while he was in the same situation. (Pl.'s Opp'n at 4 ("Plaintiff's forced-medication status and custodial restrictions continued after May 2021 and remain in effect.")

Osuna was able despite those conditions to file the original complaint in this matter in June 2024, as well as two amended complaints and a flurry of motion-related filings in December 2025. (ECF Nos. 32-35.) Osuna fails to show any reason why he was able to file in June 2024, but unable to do so earlier. Tolling should not apply because Osuna has not pleaded or demonstrated any disability preventing him from filing. See, e.g., *Hayden v. Fox*, No. 2:14-cv-1004 WBS DB P, 2020 U.S. Dist. LEXIS 110934, at *55-56 (E.D. Cal. June 24, 2020)[1] (recommending dismissal of case based on no tolling and stating "Here, the evidence does not show that his symptoms or functioning during the limitations period were any different than the previous periods when he had already demonstrated his ability to challenge his conviction.") The alleged involuntary medication order and restricted housing do not toll the statute of limitations.

///

---

[1] In accordance with Local Rule 133(i)(3)(ii), paper copies of the cases available only through LEXIS are being served on Plaintiff.

4

Defs.' Reply in Support of Mot. to Dismiss  (1:24-cv-00793 KES SAB(PC))

**C.   The Continuing Violations Doctrine Does Not Save the Claims.**

Osuna asserts in his opposition that the SAC asserts "a continuing violation that extends into the limitations period" here. (Pl.'s Opp'n at 2.) The continuing violation doctrine applies where a Plaintiff alleges that Defendant was involved in a "continuing practice" and the last act falls within limitations period. *Bird v. State,* 935 F.3d 738, 746 (9th Cir. 2019). If one in a "series of related acts" falls within the limitations period, the Plaintiff may seek relief for both the related acts within the period and those outside. (*Id.*) But discrete acts each have their own statute of limitations, and are not actionable if time barred, "even if they are related to acts in timely filed charges." *Id.* at 746-47 (quoting *AMTRAK v. Morgan*, 536 U.S. 101, 114 (2002)).

As set forth above, the statute of limitations ran on all of Osuna's claims before he filed suit. *See supra* § I.A. Because none of the incidents was within the statute of limitations, continuing violation doctrine does not apply.

Moreover, the incidents alleged in the SAC were discrete events, each with its own statute of limitations accrual date. *See* Defs.' Mem. of P. & A. in Support of Mot. to Dismiss at 2-3, ECF No. 33-1 (describing each discrete incident that led to a cognizable claim). As stated by the Ninth Circuit in *Bird v. State*, at this point "little remains of the continuing violations doctrine." *Bird,* 935 F.3d at 748. The doctrine does not apply to Osuna's discrete claims here.

**II.   DEFENDANTS' REQUEST FOR JUDICIAL NOTICE SHOULD BE GRANTED.**

Defendants request that the Court judicial notice that Osuna is serving a term of life without the possibility of parole. (Defs.' Request for Judicial Notice (RJN).) Osuna's sentence means that he does not qualify for statutory tolling under Cal Code Civ.' Proc section 352.1. (Defs.' Mem. of P.&A. at 6, ECF No. 31-1.)

In opposition, Osuna does not dispute that he is serving a sentence of life without the possibility of parole. (*See* Pl.'s Opp'n at 2.) That fact is undisputed. Instead, Osuna argues that the Court cannot take judicial notice of the contents of a document, only its existence. (*Id.* (stating that a court may "notice only of the existence of a document — not the truth of any statements within it.").) That is not a correct statement of the law. The case Osuna cites includes the proper standard: "Facts are indisputable, and thus subject to judicial notice, only if they are

5

either 'generally known' under Rule 201(b)(1) or 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned' under Rule 201(b)(2)." *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003). Here, Defendants have provided the Court with Osuna's abstract of judgment, a source whose accuracy cannot reasonably be questioned as to Osuna's sentence. *See, e.g.*, *Brown v. Igi*, No. 2:11-cv-0389 DAD (PC), 2013 U.S. Dist. LEXIS 35704, at *11 (E.D. Cal. Mar. 13, 2013) (taking judicial notice of abstract of judgment and finding that Plaintiff was serving a sentence of eight years). Judicial notice should be granted.

### III. OSUNA'S OTHER ARGUMENTS ALSO FAIL.

Osuna argues that the Attorney General's Office has taken an inconsistent position in this case because the Attorney General "never submitted a statute-of-limitations defense in *Solares*." (Pl.'s Opp'n at 3.) *Solares v. Diaz*, E.D. Cal. No. 1: 20-cv-00323-LHR, is a wrongful death case brought by the family of Luis Romero, who was killed in a cell that he shared with Osuna in March 2019. The Attorney General's office did not raise the statute of limitations in that matter because it was not an applicable defense — Romero's family brought suit in 2020, well before the statute of limitations had run. Here, on the other hand, Osuna waited until over five years after the incident to sue. By then, the statute of limitations had run on Osuna's claims, so Defendants are now raising the defense.

Last, Osuna argues that administrative remedies were unavailable to him and that under *Ross v. Blake*, 578 U.S. 632 (2016), when remedies are unavailable, the limitations period does not run. (Pl.'s Opp'n at 5-6.) *Ross v. Blake* deals with exhaustion of administrative remedies, and does not mention statute of limitations. *See generally Ross,* 578 U.S. at 632. Statute of limitations is a separate issue — as discussed in Defendants' moving papers, time spent exhausting administrative remedies may toll the statute of limitations, but here, that tolling is not enough to save Osuna's claims. (Defs.' Mem. of P. & A. at 6.)

///
///
///

6

Defs.' Reply in Support of Mot. to Dismiss  (1:24-cv-00793 KES SAB(PC))

## CONCLUSION

Even with tolling for Osuna's alleged five months of incapacity, the statute of limitations ran well before Osuna file his complaint. Osuna's second amended complaint should be dismissed in its entirety with prejudice.

Dated:  December 18, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General


*/s/ Jeremy Duggan*
JEREMY DUGGAN
Deputy Attorney General
*Attorneys for Defendants*
*Burnes, Alejo, Maytubby (Kyle), Loza,*
*Navarro, Pena, Romero, and Sanchez*

SA2025305889
39536897.docx+

7

Defs.' Reply in Support of Mot. to Dismiss  (1:24-cv-00793 KES SAB(PC))

# CERTIFICATE OF SERVICE

| Case Name: | **Osuna, Jamie (BD0868) v. Burnes, et al.** | No. | **1:24-cv-00793 KES SAB (PC)** |
|---|---|---|---|

I hereby certify that on <u>December 22, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- ➢ **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>December 22, 2025</u>, at Sacramento, California.

| J. Lemus-Arreola | */s/ J. Lemus-Arreola* |
|---|---|
| Declarant for eFiling | Signature |

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>December 22, 2025</u>, the foregoing document(s) have been mailed in the Office of the Attorney General's internal mail system, by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Jamie Osuna, BD0868
California State Prison - Corcoran
Facility 4A
P.O. Box 3476
Corcoran, CA  93212
***In Pro Per***

I further certify that I served the following on Plaintiff:

- **UNPUBLISHED OPINIONS:**
    - ***Ricky L. Brown, Jr. v. IGI C/O Wheeler, et al.,* Case No. 2:11-cv-0389 DAD (PC), 2013 WL 1087802 (E.D. Cal. 2013)**
    - ***Alphonoso Hayden, Jr. v. Robert W. Fox,* Case No. 2:14-cv-1004 WBS DB P, 2020 WL 3451379 (E.D. Cal. 2020)**

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>December 22, 2025</u>, at Sacramento, California.

|  |  |
|---|---|
| <u>           I. Martinez           </u> | <u>      */s/ I. Martinez*      </u> |
| Declarant for Service by U.S. Mail | Signature |

SA2025305889
39537411.docx