Case 1:24-cv-00793-KES-SAB   Document 38   Filed 01/05/26   Page 1 of 8

FILED
JAN 05 2026
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Jamie Osuna BD0868
PO Box 3476,
Corcoran, CA 93212,

        Plaintiff,

v.

J. Burnes, et al,

        Defendants.

No. 1:24-cv-00793-KES-SAB

**PLAINTIFF'S MOTION FOR LEAVE TO FILE LIMITED SUR-REPLY AND DECLARATION (RE: ECF NO. 36); PROPOSED ORDER**

Plaintiff moves for leave to file the attached proposed limited sur-reply (Exhibit A) responding only to arguments and inferences raised for the first time in Defendants' Reply (ECF No. 36), and to file the attached short Declaration of Jamie Osuna (Exhibit B) to provide tolling and obstruction specificity if the Court concludes additional detail is required on the pleadings record.

Grounds: Defendants' Reply advances new inferences and positions warranting a brief response, including: (1) the "flurry of filings" inference used to argue Plaintiff was not impaired earlier; (2) sentence-based judicial notice arguments used to narrow tolling; and (3) a request for dismissal with prejudice. (ECF No. 36 at 4, 7.) Plaintiff's proposed sur-reply is limited to those Reply points and is not an attempt to re-brief the underlying motion.

The attached Declaration is offered solely to preserve the record and provide specificity relevant to tolling and obstruction issues referenced in Plaintiff's opposition and proposed sur-reply. Plaintiff does not seek to expand the issues beyond those already raised in the pending motion.

For these reasons, Plaintiff respectfully requests leave to file Exhibits A and B.

December 30, 2025

Respectfully submitted,

/s/ Jamie Osuna

p.p. Jamie Osuna BD0868

**PROPOSED ORDER**

Good cause appearing, Plaintiff's Motion for Leave to File a Limited Sur-Reply and to File a Short Declaration is GRANTED. The Clerk is directed to file Plaintiff's Proposed Limited Sur-Reply (Exhibit A) and Declaration (Exhibit B).

IT IS SO ORDERED.

Dated: _____

_____

UNITED STATES MAGISTRATE JUDGE / DISTRICT JUDGE

# EXHIBIT A

## PROPOSED SUR-REPLY (LIMITED) TO DEFENDANTS' REPLY (ECF NO. 36)

Plaintiff submits this sur-reply solely to address new arguments and inferences raised in Defendants' Reply—particularly Defendants' contention that Plaintiff's later filing activity (described by Defendants as "a flurry of motion-related filings in December 2025") proves Plaintiff was not disabled, impaired, or obstructed during the relevant period, and Defendants' request for dismissal with prejudice. (ECF No. 36 at 4, 7.) Plaintiff incorporates by reference his Opposition (ECF No. 33) and responds here only to new arguments and inferences first advanced in the Reply. The Court's Screening Order already set out the governing limitations and tolling framework for this § 1983 action—including California's two-year limitations period, the prisoner-tolling framework (including the "term less than for life" condition in CCP § 352.1), PLRA exhaustion tolling, and the availability of equitable tolling—and explained that, if amendment is required, Plaintiff should demonstrate timeliness and tolling entitlement in an amended pleading

1. **Defendants' "flurry" inference is improper at Rule 12(b)(6) and does not negate tolling or estoppel.**

Defendants argue Plaintiff's later docket activity proves Plaintiff could have filed earlier. (ECF No. 36 at 4.) But tolling and estoppel turn on Plaintiff's capacity and access during the limitations period, including whether Plaintiff was materially obstructed or lacked legal capacity—not on whether Plaintiff later managed to file papers after circumstances evolved, documentation surfaced, or access was partially restored. At Rule 12(b)(6), disputed fact questions and competing inferences are not resolved against Plaintiff by hindsight docket activity. See, e.g., *Jones v. Blanas*, 393 F.3d 918, 928–29 (9th Cir. 2004).

2. **The Reply's "no impairment/you could file" claim conflicts with Plaintiff's allegations that Defendants themselves pursued and maintained an incapacity/danger posture and extreme restrictions through Penal Code § 2602.**

Plaintiff alleges that after the March 2019 incident Defendants convened a midnight committee, concluded Plaintiff was suicidal/homicidal and required psychiatric

institutionalization, and imposed extreme isolative restrictions. Plaintiff further alleges Defendants told decisionmakers/administrative judges that Plaintiff's RVRs were driven by an underlying psychotic process and extreme self-injury, and that Defendants Burnes, Kyle-Maytubby, and the Attorney General were aware of that posture.

Plaintiff further alleges Defendant Kyle-Maytubby ("Maytubby") drove involuntary medication for "gravely disabled" "lacks capacity" and DTS/DTO findings through Penal Code § 2602 beginning in 2019, including initiating and pressuring psychiatric staff immediately after the incident; requiring involuntary antipsychotic/psychotropic medication; and supporting renewal of Penal Code § 2602 petitions annually until her resignation. Plaintiff also alleges functional limitations reflected by testing that triggered mandatory assistance and accommodations (TABE). Plaintiff does not ask the Court to adjudicate the legality of Penal Code § 2602 proceedings here; the point is that Defendants cannot negate tolling as a matter of law by pointing to later filings while the pleadings allege Defendants themselves treated Plaintiff as incapacitated and dangerous and maintained forced-medication and capacity designations and extreme restrictions for years. At minimum, these allegations create factual disputes and competing inferences that cannot be resolved against Plaintiff at the pleading stage.

### 3. Even assuming judicial notice of sentence affects CCP § 352.1, it does not dispose of other tolling and estoppel theories.

Defendants' Reply does not defeat Plaintiff's equitable estoppel / fraudulent concealment allegations. The Ninth Circuit recognizes that equitable estoppel (also termed fraudulent concealment) halts the statute of limitations where there is "active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time," and the issue is fact-bound. *Guerrero v. Gates*, 442 F.3d 697, 706–07 (9th Cir. 2006). Plaintiff alleges delayed discovery based on later-obtained documentation showing falsification and concealment by Defendants, and alleges interference and obstruction impacting timely access to courts. These allegations cannot be negated at the pleading stage by hindsight inferences from later filings; at most, the remedy is leave to amend to plead additional concealment/reliance detail.

Even assuming notice of the fact of sentence, Defendants still do not negate tolling during PLRA exhaustion, equitable tolling, or equitable estoppel/fraudulent concealment where Defendants engaged in active conduct above and beyond the underlying wrong to prevent timely suit. Plaintiff alleges he did not discover key misconduct until years later through documentation showing Defendant Burnes and others lied and falsified original committee documents, and Plaintiff alleges ongoing obstruction and restrictive conditions impairing timely access to courts. These are fact-bound issues not properly decided against Plaintiff by adverse inference at Rule 12(b)(6).

### 4. Defendants are wrong to seek dismissal with prejudice; at most, the remedy is leave to amend.

Defendants request dismissal with prejudice. (ECF No. 36 at 7.) That is overreaching on a pleading record where Defendants rely on adverse inferences and judicial notice materials rather than factual development. If the Court concludes tolling and estoppel allegations require additional specificity, the proper remedy is leave to amend—not dismissal with prejudice—particularly for a pro se prisoner. See *Lopez v. Smith*, 203 F.3d 1122, 1127–30 (9th Cir. 2000) (en banc).

### CONCLUSION

For the reasons above, Defendants have not shown dismissal is appropriate at the pleading stage on limitations grounds. In the alternative, if additional specificity is required, Plaintiff respectfully requests leave to amend and that Defendants' request for dismissal with prejudice be rejected.

December 30, 2025

Respectfully submitted,

*/s/ Jamie Osuna*

p.p. Jamie Osuna BD0868

**EXHIBIT B**

*Motion for Leave: Sur-Reply*

## DECLARATION OF JAMIE OSUNA

I, Jamie Osuna, declare:

1. I am the Plaintiff in this action. I have personal knowledge of the facts stated herein.

2. This declaration is submitted solely to provide specificity relevant to tolling and obstruction issues raised by Defendants' statute-of-limitations arguments and their Reply's inference that later filing activity proves I was unimpaired earlier.

3. After the March 2019 incident, Defendants convened a committee late at night ("midnight committee") and concluded I was suicidal/homicidal, required emergency psychiatric institutionalization, and should be subjected to extreme, highly isolative mental health restrictions.

4. Defendants repeatedly represented to decisionmakers and administrative judges that my RVRs/charges were caused by an underlying psychotic process and extreme self-injury, including as reflected in Penal Code § 2606 materials, and pursued findings and proceedings under Penal Code § 2602 to impose and maintain involuntary medication based on "gravely disabled," "lacks capacity," and DTS/DTO determinations.

5. Defendant Kyle-Maytubby ("Maytubby") pushed for involuntary medication and actively drove that outcome by communicating with psychiatric staff and initiating/pressing Penal Code § 2602 proceedings.

6. Shortly after the incident, Maytubby (Corcoran) sent communications to psychiatric staff at CHCF's hospital Psychiatric Inpatient Program (PIP) seeking forced medication. Maytubby repeatedly pursued and supported findings that I was "gravely disabled", "lacked capacity", and was "DTS/DTO".

7. Maytubby also pressured me to go along with everything/plead guilty and made demands tied to the incident and to further psychological testing. When I did not comply, Maytubby described me as "agitated" and requested Penal Code § 2602 forced involuntary medication through committee channels.

8. Prior psychological testing by Dr. A. Myers diagnosed schizophrenia, psychotic and mood disorders, and PTSD, and found I was <u>not malingering</u>. Maytubby expressed

dissatisfaction with those results and attempted to force retesting; Maytubby threatened Penal Code § 2602 consequences tied to that noncompliance.

9. Penal Code § 2602 proceedings and the forced-medication posture were not a one-time event. Maytubby supported renewal year after year of Penal Code § 2602 petitions and related determinations that I remained gravely disabled, lacked capacity to refuse treatment, and was DTS/DTO, and that involuntary antipsychotic and psychotropic medication and severe restrictions had to continue. This posture was renewed annually for years, including during the period Maytubby supported renewal until her resignation, and was maintained through 2026.

10. These determinations and restrictions are documented in institutional records over multiple years, including repeated descriptions of psychotic symptoms, paranoid ideation, inability to keep up with daily living activities (ADLs), and continuing self-harm and suicidal/homicidal ideations.

11. In connection with institutional testing, I received a TABE score low enough to trigger mandatory assistance and accommodations for educational and administrative tasks, reflecting functional limitations relevant to litigation access.

12. During the relevant period, my access to legal materials and the courts was materially impaired by the combination of extreme isolation and restrictive housing conditions, the forced-medication posture, capacity and dangerousness designations, and interference and obstruction issues described in my pleadings, which I allege were imposed or maintained by Defendants.

13. Defendants' Reply does not defeat Plaintiff's equitable estoppel / fraudulent concealment allegations. The Ninth Circuit recognizes that equitable estoppel (also termed fraudulent concealment) halts the statute of limitations where there is "active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time," and the issue is fact-bound. *Guerrero v. Gates*, 442 F.3d 697, 706–07 (9th Cir. 2006). Plaintiff alleges delayed discovery based on later-obtained documentation showing falsification and concealment by Defendants, and alleges

interference and obstruction impacting timely access to courts. These allegations cannot be negated at the pleading stage by hindsight inferences from later filings; at most, the remedy is leave to amend to plead additional concealment/reliance detail

14. These same conditions and restrictions also interfered with my ability to litigate and meet deadlines in other matters, including *Osuna v. Brown, et al* (captioned '*Asuna v. Brown, et al*' on the docket), which involved overlapping CDCR personnel.

15. I also did not discover key misconduct immediately. I learned years later through documentation that Defendant Burnes and others lied and falsified original committee documents related to the incident and resulting posture, which affected what I knew and when I knew it.

16. During the same period, Defendants' interference and intimidation further impaired my ability to pursue litigation and comply with court deadlines. As described in my pleadings, *this includes assaults and threats by Defendant Burnes and related misconduct that this Court has already recognized as cognizable*, as well as interference documented in grievances that were partially granted and cited in the complaint.

17. Defendants' Reply asks the Court to infer from later docket activity that I was unimpaired earlier. That inference does not account for the conditions and restrictions I experienced during the relevant period, nor for when I learned facts supporting my claims.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

December 30, 2025

*[signature]*

p.p. Jamie Osuna BD0868