**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Jamie Osuna BD0868<br>PO Box 3476,<br>Corcoran, CA 93212,<br><br>　　　　　Plaintiff,<br>v.<br><br>J. Burnes, et al,<br><br>　　　　　Defendants. | No. 1:24-cv-00793-KES-SAB<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO CLARIFY SERVICE VIA CM/ECF/NEF ON REGISTERED COUNSEL (L.R. 135; FED. R. CIV. P. 5); DECLARATION OF JAMIE OSUNA** |

Plaintiff respectfully requests limited administrative relief regarding service of papers under Fed. R. Civ. P. 5, to prevent recurring service disputes and unnecessary delay. On December 29, 2025, Plaintiff defense counsel's letter asserting that Plaintiff's filings would be treated as 'defective' unless Plaintiff mailed copies to an Office of the Attorney General address specified in the letter.

## I. RELIEF REQUESTED

Plaintiff requests an order clarifying that:

1. For all papers served under Rule 5 in this action (i.e., filings after the complaint), service on Defendants' counsel of record who are registered CM/ECF users is satisfied and complete through the Court's CM/ECF Notice of Electronic Filing ("NEF") upon docketing, without any requirement that Plaintiff also mail duplicative paper service copies to counsel by U.S. Mail; and

2. Defendants shall not assert "defective service," seek to strike filings, or request adverse relief based solely on Plaintiff's failure to mail duplicative paper service copies to CM/ECF-registered counsel where CM/ECF/NEF service occurred.

This motion is limited to service procedure and does not seek merits determinations.

## II. GROUNDS / GOOD CAUSE

**A. Local Rule 135 provides that CM/ECF NEF is service on registered counsel.**

Local Rule 135(a) provides that the CM/ECF Notice of Electronic Filing constitutes automatic service and constitutes service pursuant to Fed. R. Civ. P. 5(b)(2)(E). Local Rule 135(g)(1) provides that CM/ECF registration constitutes consent to electronic service (and waiver of service by other means) and that service is complete upon transmission of the NEF.

Consistent with that framework, Eastern District authority recognizes that paper copies of post-complaint filings are not required to be served on parties/attorneys registered for electronic filing, and that no further service is needed for filings once they are docketed and the NEF issues.

**B. Counsel's 12/29 letter demands off-docket USPS service as a condition of non-"defective" service, contrary to the District's CM/ECF service mechanism.**

On December 29, 2025, Plaintiff received a letter from defense counsel stating that Plaintiff must mail his filings to the Office of the Attorney General at an address listed in that letter, and that if Plaintiff does not mail filings to that address, counsel would consider the filings "defective." Plaintiff seeks a short order preventing this off-docket service demand from generating recurring disputes, delay, and "gotcha" arguments, where CM/ECF/NEF service is the prescribed service mechanism for registered counsel.

**C. Plaintiff is incarcerated, housed in SHU/RHU, denied priority law library access, and faces recurring institutional delays and copying limits that make duplicative USPS service especially burdensome and deadline-risky.**

Plaintiff is incarcerated and must rely on institutional processes for copying, legal mail, and litigation-coordinator/trust-office processing. Plaintiff is housed in SHU/RHU conditions and has been denied priority law library access, which in practice results in long waits for legal services and copies. Plaintiff has experienced *delays measured in months* for copying and/or legal processing needed to submit court papers.

Plaintiff has also experienced repeated delays and irregularities in institutional processing that caused or threatened missed court deadlines, including:

• When Plaintiff had a court order allowing 30 days to provide IFP/trust account information, Plaintiff timely submitted the case number and deadline to the litigation coordinator and/or trust office, and had even initiated even weeks prior to such requests anticipating need for

IFP purposes, but the paperwork was delayed and not returned until after the deadline.

• On another occasion, Plaintiff submitted a complaint for processing when Plaintiff had a deadline; it was held until after the deadline and returned only after the deadline passed.

• On a separate occasion, a complaint Plaintiff submitted was not returned.

Copying assistance and supplies are limited. Plaintiff cannot reliably generate multiple complete paper "service sets" of lengthy filings on short deadlines even when acting diligently. Requiring duplicative USPS service copies to counsel—despite CM/ECF NEF service—adds avoidable delay and increases deadline risk, especially given SHU/RHU status and limited library/copy access.

**D. This District's normal practice is CM/ECF/NEF service for registered counsel; imposing duplicative USPS service conditions on a pro se prisoner is unnecessary and inconsistent with how similar cases proceed.**

Defendants are represented by the Office of the Attorney General and participate in CM/ECF. When filings are docketed, CM/ECF provides registered counsel prompt access. In Plaintiff's experience, and as reflected in routine practice in this District and other California federal courts, incarcerated pro se litigants file by submitting papers to the Clerk, and registered counsel receive notice through the Court's docketing/NEF process; duplicative paper service demands create unnecessary disputes and delay.

Defendants have also represented in certificates of service in this case that CM/ECF-registered participants are served through the CM/ECF system. Plaintiff requests a clarifying order to avoid recurring disputes and unnecessary motion practice, and to prevent needless copying and postage costs and delay burdens on an incarcerated IFP litigant.

### III. REQUESTED ORDER

Plaintiff respectfully requests that the Court enter an order:

1. Clarifying that, under Local Rule 135, service of Plaintiff's Rule 5 papers on CM/ECF-registered defense counsel is accomplished and complete through the CM/ECF NEF upon docketing, and Plaintiff is not required to mail duplicative paper service copies to counsel;

and

2. Directing that Defendants shall not claim "defective service," seek to strike filings, or request adverse relief based solely on Plaintiff's failure to mail duplicative paper service copies where CM/ECF/NEF service occurred.

December 30, 2025
Respectfully submitted,

*[signature]*

p.p. Jamie Osuna BD0868

## DECLARATION OF JAMIE OSUNA

I, Jamie Osuna, declare:

1. I am the Plaintiff in this action and am incarcerated. I submit filings by mail and must rely on institutional processes for copying and litigation-coordinator/trust-office processing.

2. On December 29, 2025, I received a letter from defense counsel stating that I must mail my filings to the Office of the Attorney General at an address listed in the letter, and that if I do not mail filings to that address, counsel would consider the filings "defective."

3. I am housed in SHU/RHU conditions and have been denied priority law library access. As a result, I experience long waits for legal services and copies. In practice, I have experienced delays measured in months for copying and/or legal processing needed to submit court papers.

4. Institutional processing has involved recurring delays and irregularities that have caused or threatened missed court deadlines.

5. On at least one occasion when I had a court order allowing 30 days to provide IFP/trust account information, I timely submitted the case deadline to the litigation coordinator and/or trust office, had initiated requests even prior to this, but the paperwork was delayed and not returned until after the deadline.

6. On another occasion, I submitted a complaint for processing when I had a deadline. It was

held until after the deadline and returned only after the deadline passed. On a separate occasion, a complaint I submitted was not returned.

7. Copying assistance is limited. As a practical matter, I cannot reliably generate multiple complete service sets of lengthy filings on short deadlines even when I act diligently, particularly given SHU/RHU conditions and lack of priority law library access.

8. Defendants are represented by CM/ECF-registered counsel who receive electronic access upon docketing through the Court's CM/ECF/NEF system. When the Clerk dockets a filing and issues the NEF, registered counsel have prompt access through CM/ECF. Requiring duplicative USPS service copies creates avoidable delay and invites disputes, given the constraints described above.

9. In my experience, other incarcerated pro se litigants proceed by submitting filings to the Clerk for docketing, and counsel receive notice through CM/ECF/NEF in this District and other California federal courts. A court order clarifying that CM/ECF/NEF service satisfies Rule 5 for CM/ECF-registered counsel would ensure prompt notice to counsel while avoiding recurring disputes, delay, and deadline problems caused by institutional delay and copy limits.

10. Because I am proceeding in forma pauperis, I have limited funds for postage and copying. Requiring duplicative paper service copies for filings that are already served through CM/ECF/NEF imposes avoidable costs and increases delay and deadline risk

I declare under penalty of perjury that the foregoing is true and correct.

December 30, 2025

*/s/ James Osuna*

p.p. Jamie Osuna BD0868

**PROOF OF SERVICE / CERTIFICATE OF SUBMISSION FOR FILING AND SERVICE VIA CM/ECF/NEF (Fed. R. Civ. P. 5; E.D. Cal. L.R. 135; 28 U.S.C. § 1746)**

Case No. 1:24-cv-00793-KES-SAB (PC)

I, Jamie Osuna, declare:

1. I am Plaintiff in this action and am incarcerated at California State Prison–Corcoran. I am proceeding pro se and am not a CM/ECF user. I submit documents to the Clerk by mail for filing.
2. On December 31 2025, I sent the following documents through the USPS, properly addressed to the Clerk of the Court, United States District Court, Eastern District of California, for filing in Case No. 1:24-cv-00793-KES-SAB (PC):

    A. Notice of Cure of Service and Request to Deem Service Complete via CM/ECF/NEF on CM/ECF-Registered Counsel (L.R. 135; Fed. R. Civ. P. 5); Declaration of Jamie Osuna; [Proposed Order].

    B. Plaintiff's Motion for Leave to File a Limited Sur-Reply to Defendants' Reply (ECF No. 36) and Supporting Declaration; Proposed Order; Exhibit A (Proposed Limited Sur-Reply); Exhibit B (Declaration of Jamie Osuna).

    C. Plaintiff's Administrative Motion to Clarify Service via CM/ECF/NEF on Registered Counsel (L.R. 135; Fed. R. Civ. P. 5) and that No Duplicate USPS Service Copies Are Required; Declaration of Jamie Osuna; [Proposed Order, if included].
    (If you are NOT including this motion today, delete item C.)

3. Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and E.D. Cal. L.R. 135, I understand that when the Clerk dockets these papers, CM/ECF will transmit the Notice of Electronic Filing ("NEF") to CM/ECF-registered defense counsel, which constitutes service of Rule 5 papers on those registered users.
4. This certificate is provided pursuant to Fed. R. Civ. P. 5(d)(1) and 28 U.S.C. § 1746.

I declare under penalty of perjury that the foregoing is true and correct.

December 31, 2025

*/s/ Jamie Osuna/*

p.p. Jamie Osuna BD0868

Plaintiff, Pro Se