1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  JON S. ALLIN, State Bar No. 155069
   Supervising Deputy Attorney General
3  JEREMY DUGGAN, State Bar No. 229854
   Deputy Attorney General
4   1300 I Street, Suite 125
    Sacramento, CA 95814
5   Telephone: (916) 210-6008
    Fax: (916) 324-5205
6   E-mail: Jeremy.Duggan@doj.ca.gov
   *Attorneys for Defendants*
7  *Burnes, Alejo, Maytubby (Kyle), Loza, Navarro,*
   *Pena, Romero, and Sanchez*
8
9              IN THE UNITED STATES DISTRICT COURT

10             FOR THE EASTERN DISTRICT OF CALIFORNIA

11                        FRESNO DIVISION

12

| | |
|---|---|
| 13  **JAMIE OSUNA,** | 1:24-cv-00793 KES SAB |
| 14                        Plaintiff, | **DEFENDANTS' OPPOSITION TO MOTION TO STRIKE** |
| 15       v. | Judge:   The Honorable Stanley A. Boone |
| 16  **BURNES, et al.,** | Action Filed: June 28, 2024 |
| 17                        Defendants. | |

19    Plaintiff Osuna moves to strike Defendants' Request for Judicial Notice filed in support of

20 their motion to dismiss. According to Osuna, judicial notice is barred because the court cannot

21 accept the truth of a document's contents on a request for judicial notice, only its existence.

22 Osuna is wrong on the law. The Court may judicially notice facts that "can be accurately and

23 readily determined from sources whose accuracy cannot reasonably be questioned." (Fed. R.

24 Evid. 201(b)(2).) Defendants' request for judicial notice asks that the Court take judicial notice

25 that Plaintiff Osuna is serving a term of life without the possibility of parole. Defendants

26 provided the Court with the abstract of judgment showing that fact. Plaintiff's motion to strike

27 should be denied.

28

1

Defs.' Opp'n to Mot. to Strike  (1:24-cv-00793 KES SAB)

## I. JUDICIAL NOTICE IS APPROPRIATE.

The Court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." (Fed. R. Evid. 201(b)(2).)

Defendants' request for judicial notice asked that the court take judicial notice that "Jaime Osuna is, and has been since May 2017, serving a sentence of life without the possibility of parole." (Def.'s Req. for Judicial Notice at 1, ECF No. 31-2.) Defendants attached the abstract of judgment dated May 2017 from Kern County Superior Court showing Osuna's life without the possibility of parole sentence. (*Id.* at 4.)

An abstract of judgment is an appropriate source of information for judicial notice regarding a California inmate's sentence. *See, e.g., Stalling v. Stinson*, No. 2:20-cv-01180-JAM-JDP (PC), 2021 U.S. Dist. LEXIS 155152, at *3 (E.D. Cal. Aug. 16, 2021) (an abstract of judgment "is appropriate for notice because it is a court record."); *Galicia v. Marsh*, No. 1:16-cv-00011-DAD-SAB (PC), 2017 U.S. Dist. LEXIS 70043, at *8 (E.D. Cal. May 5, 2017) (taking judicial notice that plaintiff was "serving a fifteen year sentence for second degree burglary with a firearm enhancement."). The court may take judicial notice of Osuna's sentence based on the abstract of judgment.

## II. PLAINTIFF'S ARGUMENTS ARE INAPPOSITE.

In his motion to strike, Plaintiff asserts that three Ninth Circuit cases, *Lee, Ritchie,* and *Khoja*, support his argument that "Judicial notice does not permit courts to accept the truth of a document's contents." (Pl.'s Mot. at 1, ECF No. 34 (citing *Lee v. City of L.A.*, 250 F.3d 668, 690 (9th Cir. 2001); *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).)

Those cases state only that it is inappropriate to take judicial notice where there is a reasonable dispute as to what a document establishes. For example, in *Lee,* the Ninth Circuit reversed where the district court "incorrectly took judicial notice" from another court's opinion "of the validity of Kerry Sanders's waiver [of the right to challenge his extradition] which was as yet unproved." *Lee,* 250 F.3d at 690. While it may have been appropriate to take judicial notice of the "existence of the [other court's] opinion," and that the opinion identified a waiver, it was

2

1  not appropriate to extrapolate that the waiver identified in the opinion was valid, as that fact was
2  subject to reasonable dispute. *Id.*

3  Similarly, in *Ritchie*, the Ninth Circuit found that it was inappropriate for the district court
4  to take judicial notice that plaintiff Horner had adequate notice of forfeiture proceedings based on
5  documents such as copies of published notices and Drug Enforcement Agency letters sent to
6  Horner. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). Again, while it was
7  appropriate to take judicial notice of the letters as government records, it was inappropriate to
8  take judicial notice that Horner had been provided adequate notice, as that fact was subject to
9  reasonable dispute. *Id.*

10  In *Khoja,* the Ninth Circuit found that it was appropriate to take judicial notice that there
11  was an "investor's conference call" based on a transcript of the call. *Khoja,* 899 F.3d at 1000-01.
12  But it was not appropriate to take judicial notice of what was disclosed to investors on that call, as
13  the transcript was "unclear" and subject to reasonable dispute. *Id.*

14  The *Khoja* panel also found it was appropriate to review an international patent application
15  to take judicial notice of its filing date. *Id.* at 1001. Thus, in *Khoja,* the Ninth Circuit found it
16  was appropriate to take judicial notice of part of a document's contents, namely the date.

17  None of Osuna's cases support his proposition that "Judicial notice does not permit courts
18  to accept the truth of a document's contents." (Pl.'s Mot. at 1.) The court may take judicial
19  notice of a fact from a document where the fact can be "accurately and readily determined" from
20  the document and the accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). An
21  abstract of judgment is a document from which an inmate's sentence may be accurately and
22  readily determined. *See, e.g., Galicia v.* 2017 U.S. Dist. LEXIS 70043, at *8. And Osuna does
23  not question the accuracy of the statement in the abstract of judgment that he is serving a sentence
24  of life without the possibility of parole; instead he only questions whether this court can take
25  judicial notice of that uncontested fact. (*See generally* Pl.'s Mot.) The court can take judicial
26  notice, and Plaintiff's motion should be denied.

27
28

3

Defs.' Opp'n to Mot. to Strike  (1:24-cv-00793 KES SAB)

# CONCLUSION

The court may take judicial notice of the contents of documents where the requirements of Rule 201(b)(2) are met; that is, where the fact can be "accurately and readily determined" from the document. Fed. R. Evid. 201(b)(2). Judicial notice of Osuna's sentence is appropriate here. Osuna's motion to strike should be denied.

Dated: January 5, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General

*/s/ Jeremy Duggan*

JEREMY DUGGAN
Deputy Attorney General
*Attorneys for Defendants Burnes, Alejo, Maytubby (Kyle), Loza, Navarro, Pena, Romero, and Sanchez*

SA2025305889
39554349.docx

4

Defs.' Opp'n to Mot. to Strike  (1:24-cv-00793 KES SAB)

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Osuna, Jamie (BD0868) v. Burnes, et al.** | No. | **1:24-cv-00793 KES SAB** |

I hereby certify that on <u>January 5, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

➢ **DEFENDANTS' OPPOSITION TO MOTION TO STRIKE**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>January 5, 2026</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Jamie Osuna, BD0868
California State Prison - Corcoran
Facility 4A
P.O. Box 3476
Corcoran, CA  93212
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>January 5, 2026</u>, at Sacramento, California.

| | |
|---|---|
| K. Vitalie | */s/ K. Vitalie* |
| Declarant | Signature |

SA2025305889
39552879.docx