UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Jamie Osuna BD0868
PO Box 3476,
Corcoran, CA 93212,

    Plaintiff,

v.

J. Burnes, et al,

    Defendants.

No. 1:24-cv-00793-KES-SAB

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE OR DISREGARD DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

Plaintiff Jamie Osuna ("Plaintiff"), proceeding pro se, submits this Reply in support of his Motion to Strike or Disregard Defendants' Request for Judicial Notice ("RJN"). ECF No. 34. Defendants' Opposition (ECF No. 41) misstates the issue by treating Plaintiff's motion as if it argued that a court may "only" notice the existence of a document and never any fact shown by it. That is not Plaintiff's position, and it is not what Ninth Circuit law turns on.

The real issue is whether Defendants may use an RJN at the Rule 12(b)(6) stage to introduce extra-pleading material for the truth of a dispositive factual proposition, and then use it to defeat tolling and statute-of-limitations defenses on the pleadings—precisely the "overuse and improper use" of judicial notice and incorporation by reference warned against by the Ninth Circuit in *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001), *Ritchie v. United States*, 342 F.3d 903 (9th Cir. 2003), and *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018).

## I. DEFENDANTS CONFIRM THE RJN IS OFFERED FOR A DISPOSITIVE PURPOSE: TO DEFEAT TOLLING AT THE PLEADING STAGE

Defendants' attempt to recast the RJN as a harmless request to notice an "undisputed" sentencing fact collapses when their briefing is read as a whole. Defendants expressly rely on the noticed LWOP sentence to argue that Plaintiff is ineligible for statutory tolling under California Code of Civil Procedure § 352.1. That is the RJN's purpose: to supply a fact outside the pleadings and use it as dispositive counterevidence against tolling.

Thus, the question is not whether courts may ever notice a sentence reflected in a court record; it is whether Defendants may use Rule 201 as an end-run around Rule 12(b)(6)'s pleading

standard to resolve limitations and tolling disputes by injecting extra-complaint proof.

## II. NINTH CIRCUIT LAW BARS USING JUDICIAL NOTICE TO ACCEPT DISPUTED OR DISPOSITIVE FACTUAL PROPOSITIONS, OR TO RESOLVE FACT-INTENSIVE LIMITATIONS AND TOLLING QUESTIONS ON A MOTION TO DISMISS

Defendants selectively quote Rule 201(b)(2) and then leap from "some facts can be noticed" to the conclusion that the noticed fact must be accepted as dispositive to defeat tolling. That leap is exactly what *Khoja* condemns. Courts may notice matters of public record, but they may not take judicial notice of disputed facts contained in those records, nor may they use judicial notice to "undermine the usual pleading burdens" or convert a motion to dismiss into a fact-weighing exercise. *Khoja*, 899 F.3d at 998–1003.

Defendants' own discussion of *Lee*, *Ritchie*, and *Khoja* concedes the controlling principle: judicial notice becomes improper when a party asks the court to accept a proposition that requires inference, weighing, or resolution of issues that should be tested through the evidentiary process. ECF No. 41 at 2–3.

That is precisely what Defendants seek here—using an RJN as substantive proof to defeat tolling and limitations at the pleading stage.

## III. EVEN IF THE COURT NOTICES THE EXISTENCE OF THE ABSTRACT, IT SHOULD DISREGARD DEFENDANTS' INVITED INFERENCE THAT IT DISPOSES OF TOLLING AND LIMITATIONS

Plaintiff's motion sought to prevent exactly this: Defendants' effort to "retroactively resolve" an ambiguity by supplying an exhibit through an RJN and treating it as dispositive factual proof, then using it to resolve fact-intensive tolling questions at the pleading stage.

Defendants' Opposition never grapples with the resulting prejudice. The RJN is being deployed as a shortcut to decide limitations and tolling as a matter of proof, rather than applying the Rule 12(b)(6) standard and accepting well-pled tolling allegations as true.

At minimum, the Court should limit any notice to a narrow, non-dispositive use (i.e., that the abstract exists and states what it states), and should decline Defendants' attempt to treat it as

1  controlling counterevidence on tolling. That approach is consistent with *Khoja* and related Ninth
2  Circuit authority.

### IV. DEFENDANTS' AUTHORITIES DO NOT COMPEL DENIAL OF PLAINTIFF'S MOTION

Defendants rely on non-binding district court decisions that merely acknowledge an abstract of judgment is a court record. ECF No. 41 at 2. Those decisions do not override Ninth Circuit limits on the use of judicial notice at the pleading stage and do not address Defendants' improper use of the RJN here—to defeat tolling and statute-of-limitations defenses on a motion to dismiss.

### V. RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that the Court strike Defendants' Request for Judicial Notice (ECF No. 31-2), or, in the alternative, disregard it for purposes of resolving Defendants' Rule 12(b)(6) motion.

January 06, 2026,

*/s/ James Osuna/*

p.p. Jamie Osuna BD0868

**PROOF OF SERVICE / CERTIFICATE OF SUBMISSION FOR FILING AND SERVICE VIA CM/ECF/NEF (Fed. R. Civ. P. 5; E.D. Cal. L.R. 135; 28 U.S.C. § 1746)**

Case No. 1:24-cv-00793-KES-SAB (PC)

I, Jamie Osuna, declare:

1. I am Plaintiff in this action and am incarcerated at California State Prison–Corcoran. I am proceeding pro se and am not a CM/ECF user. I submit documents to the Clerk by mail for filing.
2. On January 6, 2026, I sent the following documents through the USPS, properly addressed to the Clerk of the Court, United States District Court, Eastern District of California, for filing in Case No. 1:24-cv-00793-KES-SAB (PC): PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE OR DISREGARD DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
3. Pursuant to Fed. R. Civ. P. 5(b)(2)(E) and E.D. Cal. L.R. 135, I understand that when the Clerk dockets these papers, CM/ECF will transmit the Notice of Electronic Filing ("NEF") to CM/ECF-registered defense counsel, which constitutes service of Rule 5 papers on those registered users.
4. This certificate is provided pursuant to Fed. R. Civ. P. 5(d)(1) and 28 U.S.C. § 1746.

I declare under penalty of perjury that the foregoing is true and correct.

January 06, 2026

*/s/ Jamie Osuna/*

p.p. Jamie Osuna BD0868

Plaintiff, Pro Se