ROB BONTA, State Bar No. 202668
Attorney General of California
JON S. ALLIN, State Bar No. 155069
Supervising Deputy Attorney General
JEREMY DUGGAN, State Bar No. 229854
Deputy Attorney General
 1300 I Street, Suite 125
 Sacramento, CA 95814
 Telephone: (916) 210-6008
 Fax: (916) 324-5205
 E-mail: Jeremy.Duggan@doj.ca.gov
*Attorneys for Defendants*
*Burnes, Alejo, Maytubby (Kyle), Loza, Navarro,
Pena, Romero, and Sanchez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JAMIE OSUNA,**<br><br>                                  Plaintiff,<br><br>     v.<br><br>**BURNES, et al.,**<br><br>                                  Defendants. | 1:24-cv-00793 KES SAB<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE A SURREPLY**<br><br>Judge:  The Honorable Stanley A. Boone<br>Action Filed: June 28, 2024 |

Plaintiff Osuna seeks leave to file a surreply to Defendant's motion to dismiss the operative complaint. (Pl.'s Mot for Surreply, ECF No. 38.) Osuna provides no valid basis for a surreply. Instead Osuna simply wants the last word. Osuna's desire for the last word is not a sufficient basis to grant leave to file a surreply, and the motion should be denied.

I.   **A SURREPLY IS IMPROPER HERE.**

Parties "do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired." *Miller v. Soto*, No. 1:20-cv-01117-AWI-SAB (PC), 2022 U.S. Dist. LEXIS 154986, at *1-2 (E.D. Cal. Aug. 29, 2022) (citing L.R. 230(*l*)). Where a reply does not itself raise new issues or arguments, but instead only cites to the record and legal authorities to

1

address "those new issues raised by Plaintiff in his opposition," a surreply is not warranted. *Id.* (quoting *Garcia v. Biter*, 195 F.Supp.3d 1131, 1134 (E.D. Cal. 2016)).

Osuna asserts that the "Grounds" for his motion are the following arguments in Defendants' reply: "(1) the 'flurry of filings' inference to argue Plaintiff was not impaired earlier; (2) sentence-based judicial notice arguments to narrow tolling; and (3) a request for dismissal with prejudice." (Pl.'s Mot. for Surreply at 1.) None of those arguments is a proper basis for a surreply.

The argument that Osuna refers to as the "flurry of filings" simply addressed the argument in Osuna's opposition that he was unable to file his complaint within the statute of limitations because he was under an involuntary medication order and lived in restricted housing. (*See* Defs.' Reply at 4, ECF No. 36.) Defendants did not raise any new issues or evidence, and instead argued that based on Plaintiff's own submissions, the involuntary medication order and restrictive housing have not stopped Osuna from filing his complaint and other documents. (*See id.*) That argument is not a basis for a surreply. *See Garcia*, 195 F.Supp.3d at 1134 (denying leave to file surreply where moving party did not raise new issues or evidence on reply).

Osuna's next "ground" for surreply is "sentence-based judicial notice arguments to narrow tolling," which apparently refers to Defendants' argument in the reply that the court should take judicial notice of the uncontested fact that Osuna is serving a sentence of life without parole. (*See* Defs.' Reply at 5-6.) Defendants did not raise any new issues or evidence on reply. (*Id.*) Instead simply made legal arguments to refute Plaintiff's position, that the Court may not take judicial notice of any facts beyond the existence of a document. (*Id.* (addressing arguments from Pl.'s Opp'n at 2, ECF No. 33).) No surreply is warranted. *See Garcia*, 195 F.Supp.3d at 1134.

Last, Osuna asserts that a surreply is warranted to address Defendants' request for dismissal with prejudice. (Pl.'s Mot. at 1.) But Defendants requested dismissal with prejudice in their moving papers. (*See* Defs.' Mem. of P. & A. at 7-8, ECF 31-1 ("Osuna's second amended complaint should be dismissed in its entirety with prejudice.").) Dismissal with prejudice is not a new issue raised on reply, and Osuna's motion should be denied.

2

Defs.' Opp'n to Pl.'s Mot. to File Surreply  (1:24-cv-00793 KES SAB)

## CONCLUSION

Osuna provides no valid basis for a surreply. His motion for leave to file a surreply should be denied.

Dated: January 26, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General

*/s/ Jeremy Duggan*
JEREMY DUGGAN
Deputy Attorney General
*Attorneys for Defendants*
*Burnes, Alejo, Maytubby (Kyle), Loza,*
*Navarro, Pena, Romero, and Sanchez*

SA2025305889
39599673.docx

3

Defs.' Opp'n to Pl.'s Mot. to File Surreply  (1:24-cv-00793 KES SAB)

## CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **Osuna, Jamie (BD0868) v. Burnes, et al.** | No. | **1:24-cv-00793 KES SAB** |

I hereby certify that on <u>January 26, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE A SURREPLY**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>January 26, 2026</u>, at Sacramento, California.

| J. Lemus-Arreola | */s/ J. Lemus-Arreola* |
|---|---|
| Declarant for eFiling | Signature |

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>January 26, 2026</u>, the foregoing document(s) have been mailed in the Office of the Attorney General's internal mail system, by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Jamie Osuna, BD0868
California State Prison - Corcoran
Facility 4A
P.O. Box 3476
Corcoran, CA  93212
***In Pro Per***

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>January 26, 2026</u>, at Sacramento, California.

|  |  |
|---|---|
| I. Martinez | */s/ I. Martinez* |
| Declarant for Service by U.S. Mail | Signature |

SA2025305889
39600176.docx