UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE OSUNA, | No. 1:24-cv-00793-KES-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRESERVATION OF EVIDENCE |
| v. | |
| J. BURNES, et al., | (ECF No. 32) |
| Defendants. | |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel preservation of evidence, filed December 12, 2025. (ECF No. 32.) Defendants filed an opposition on January 2, 2026, and Plaintiff filed a reply on January 7, 2026. (ECF Nos. 37, 42.)

**I.**

**DISCUSSION**

**A.     Motion for Protective Order**

"Federal courts have the implied or inherent power to issue evidence preservation orders as part of their general authority 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' " American LegalNet, Inc. v. Davis, 673 F.Supp.2d 1063, 1071

1

(C.D. Cal. 2009) (quoting Pueblo of Laguna v. United States, 60 Fed. Cl. 133, 135–36 (2004)). In addition, a federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence. Med. Lab. Mgmt. Consultants v. American Broad. Cos., 306 F.3d 806, 824 (9th Cir. 2002).

The duty for litigants to preserve evidence, "backed by the court's inherent power to impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the preservation of relevant evidence." Young v. Facebook, Inc., No. 5:10–cv–03579–JF/PVT, 2010 WL 3564847, at * 1 (N.D. Cal. Sept.13, 2010) (holding that before additional measures to preserve evidence are implemented, there must be some showing that there is reason for the court to be concerned that potentially relevant evidence is not being preserved and that the opposing party may be harmed as a result); Leon v. IDX Systems Corp., 464 F.3d 951, 959 (9th Cir. 2006) (a party's destruction of evidence qualifies as willful spoliation if the party has some notice that the documents were potentially relevant to the litigation before they were destroyed).

Courts may consider the following general factors when evaluating whether an evidence preservation order is appropriate:

> 1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; 2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and 3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation.

Al Otro Lado, Inc. v. Nielsen, 328 F.R.D. 408, 416 (S.D. Cal. 2018).

Plaintiff seeks an order compelling Defendants and non-parties California Department of Corrections and Rehabilitation (CDCR), California Correctional Health Care Services (CCHCS), the California Attorney General, and unnamed "custodians" to preserve evidence in this matter. (ECF No. 32.)  Plaintiff contends the "order is necessary because (1) Defendants exclusively control all evidence relevant to the claims already found cognizable; (2) CDCR and the Attorney General have previously disseminated Plaintiff's confidential information without authorization in a related federal action; (3) Plaintiff is simultaneously involved in multiple ongoing judicial

1  proceedings, including a pending capital-eligible criminal matter and an active writ proceeding
2  before the California Supreme Court; and (4) substantial risk exists that evidence may be lost,
3  altered, overwritten, or mishandled absent immediate Court intervention." (ECF No. 32 at 1.)
4  Plaintiff has failed to demonstrate that a motion for preservation order is necessary.

      First, Defendants submit that they and CDCR are aware of its obligation to preserve evidence relevant to this case. As in all cases involving CDCR staff that are represented by the Attorney General's Office, Defendants provided CDCR with litigation preservation letters stating the documents that should be preserved for this case, including the documents listed in Plaintiff's motion. (Declaration of Jeremy Duggan (Duggan Decl.) ¶¶ 2-3.)

      Second, there is no evidence that CDCR or the Attorney General improperly disseminated Plaintiff's information. Nonetheless, even assuming the validity of Plaintiff's allegations, dissemination ensure there are extra copies of the evidence which is opposite of spoliation. Thus, Plaintiff's allegation is unfounded and does not provide warrant a preservation order.

      Third, the fact that Plaintiff has additional cases involving similar facts demonstrates that the evidence is being preserved and provides no reason to issue a preservation order.

      Last, Plaintiff claims that a "substantial risk exists that evidence may be lost, altered, overwritten, or mishandled absent immediate Court intervention." (ECF No. 32 at 1.) While this is a valid consideration for preservation of evidence, Plaintiff fails to provide any proof or support for his argument, and it is his burden to do so. (Id. at 1-5.) The conclusory claim that there is a "substantial risk" of spoliation is simply insufficient to warrant a preservation order. Indeed, as stated above, Defendants have an existing obligation to preserve relevant evidence, and Plaintiff has not shown that Defendants will not comply with their obligation. See, e.g., Marti v. Rosario, No. 2:20-cv-00897-CKD P, 2021 WL 3167325, *2 ("Given the duty to preserve evidence and the absence of any showing by plaintiff that there is reason for the court to be concerned about the destruction of this evidence, Plaintiff's motion is denied.") Accordingly, Plaintiff's motion for a protective order shall be denied.

    **B.**    **Motion for Injunctive Relief**

      As relief, Plaintiff requests that "the Court order CDCR, CCHCS, the Attorney General,

3

1  and all named Defendants and custodians" to preserve all documents and confirm preservation
2  steps within 21 days.  (ECF No. 32 at 4-5.)  "A federal court may issue an injunction if it has
3  personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may
4  not attempt to determine the rights of persons not before the court." Zepeda v. United States
5  Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1983).  Here, Defendants are
6  before the court, but CDCR, CCHCS, the California Attorney General, and unnamed
7  "custodians" are not. See, e.g., Clinton v. Allen, No. 3:23-cv-01471-CAB-SBC, 2024 WL
8  4668147, at *8 (S.D. Cal. Nov. 4, 2024) (court lacked jurisdiction over CDCR and other
9  non-parties).  Discovery has not yet commenced in this matter, and Plaintiff cannot yet seek
10 discovery from non-parties. (ECF No. 5 ("No discovery may be initiated until the Court issues a
11 discovery order or otherwise orders that discovery begin.").  Accordingly, the Court lacks
12 jurisdiction to issue the injunction Osuna requests against non-parties CDCR, CCHCS, the
13 Attorney General, and non-party "custodians."

## III.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion compel preservation of evidence, (ECF No. 32), is DENIED.

IT IS SO ORDERED.

Dated:  **February 20, 2026**

STANLEY A. BOONE
United States Magistrate Judge