UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE PLAINTIFF,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. BURNES, et al.,<br><br>　　　　　Defendants. | No. 1:24-cv-00793-KES-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND DENYING PLAINTIFF'S MOTION TO FILE A SURREPLY<br><br>(ECF Nos. 34, 38)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S RELATED MOTIONS<br><br>(ECF No. 31) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to dismiss, filed December 9, 2025.

**I.**

**BACKGROUND**

This action proceeds against Defendants J. Burnes, E. Romero, K. Kyle, V. Pena, and E. Sanchez for deliberate indifference to his safety, and against Defendants V. Pena, E. Sanchez, J. Burnes, A. Loza, J. Alejo, and C. Navarro for retaliation in violation of the First Amendment.

On December 9, 2025, Defendants filed the instant motion to dismiss and request for judicial notice. (ECF No. 31.) Plaintiff filed an opposition on December 12, 2025. (ECF No. 33.)

On December 15, 2025, Plaintiff filed a motion to strike Defendants' request for judicial notice. (ECF No. 34.) Defendants filed an opposition on January 5, 2026, and Plaintiff filed a reply on January 12, 2026. (ECF Nos. 41, 44.)

On January 5, 2026, Plaintiff filed a motion to file a surreply. (ECF No. 38.) Defendants filed an opposition to Plaintiff's motion on January 26, 2026. (ECF No. 46.)

## II.

## DISCUSSION

### A.  Legal Standard

Defendants' motion to dismiss is properly the subject of a motion for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995) (explaining that because "the question whether [a] claim is barred by the statute of limitations is not a jurisdictional question, it should ... be raised through a Rule 12(b)(6) motion to dismiss for failure to state a claim, not a Rule 12(b)(1) motion to dismiss for lack of jurisdiction"); Ledesma v. Jack Stewart Produce, Inc., 816 F.2d 482, 484 n.1 (9th Cir. 1987) (a statute of limitations defense may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint). The motion to dismiss should be granted where "the assertions of the complaint, read with the required liberality, do not permit the plaintiff to prove that the statute was tolled." Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993).

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotes and citation omitted), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). Otherwise, the motion is treated as one for summary judgment. Id. There are exceptions for material which is properly submitted as part of the complaint and "matters of public record" which may be judicially noticed. Id. at 688-89. "If the documents are not physically attached to the complaint, they may be considered if the documents' 'authenticity ... is not contested' and 'the plaintiff's complaint necessarily relies' on them." Id. at 688 (quoting Parrino v. FHD, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998).

**B.     Complaint Allegations**

The claims in this are based on the following factual circumstances: (1) On or around January 18, 2019, Defendants Burnes, Romero, and Kyle produced an inaccurate 128-G chrono listing Plaintiff as a Sureños gang member, which meant that Plaintiff could be double-celled, (ECF No. 24 at 12); (2) On January 23, 2019, Defendant Burnes bashed Plaintiff's head into a wall, and Defendant Alejo stated to Plaintiff "Are you gonna keep writing grievances" and "We'll stop when you stop." And Plaintiff further stated cognizable claims against Defendant Burnes based on allegations of statements by Burnes on January 24 and 27, 2019 about Plaintiff's grievance filings, (ECF No. 26 at 4); (3) Plaintiff stated cognizable claims for both deliberate indifference to his safety and retaliation against Burnes, Pena, and Sanchez based on his allegation that, after he was double-cell cleared and filed a lawsuit, Burnes, Pena, and Sanchez made false statements to other inmates about Plaintiff that could incite attacks, (ECF No. 24 at 14); (4) Plaintiff stated a cognizable claim for retaliation against Burnes and Loza based on his allegation that in or around March 2019, they housed Plaintiff with an incompatible inmate after Plaintiff had filed a lawsuit against them, (ECF No. 24 at 14); and (5) Plaintiff stated a cognizable claim for retaliation against Navarro based on his allegation that in retaliation for an August 2020 letter written by Plaintiff, Navarro interviewed Plaintiff in September 2020, placed a can of mace on the desk pointed at Plaintiff, said he was put in the unit "to put out fires" and had to "break a

lot of ribs" to get where he was, and told Plaintiff to stay out of the way from then on, (ECF No. 26 at 4).

### C.     Defendants' Motion to Dismiss

Defendants argue Plaintiff's claim which occurred between January 2019 and September 2020 are barred by the applicable two-year statute of limitations under California Code of Civil Procedure 335.1.  Because Plaintiff filed the instant action on June 27, 2024, the statute of limitations had already expired.  Defendants further argue that Plaintiff cannot avail himself of any applicable tolling.

In opposition, Plaintiff argues that the Court has already found that he states cognizable claims, the allegations in the operative complaint involve a continuing course of violence, Defendants' position is in conflict with that in another case, he is entitled to tolling, and factual disputes exist to preclude dismissal under Rule 12.  (ECF No. 33.)

#### 1.     Defendants' Request for Judicial Notice

Defendants request judicial notice of Plaintiff's state court abstract of judgment to demonstrate that he is currently serving a life sentence without parole.  (ECF No. 31-2.)

Plaintiff moves to strike the request for judicial notice.  Plaintiff contends that the Court cannot accept the truth of a document's contents on a request for judicial notice, only its existence.  (ECF No. 34 at 1.)

The Court may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  Here, Defendants have submitted the abstract of judgment dated May 15, 2017 from the Kern County Superior Court reflecting that Plaintiff's sentence is life without the possibility of parole.  (ECF No. 31-2, at 4.)  An abstract of judgment is an appropriate source of information for judicial notice regarding a California inmate's sentence. See, e.g., Stalling v. Stinson, No. 2:20-cv-01180-JAM JDP (PC), 2021 WL 3630470, at *2 (E.D. Cal. Aug. 16, 2021) (an abstract of judgment "is appropriate for notice because it is a court record."); Galicia v. Marsh, No. 1:16-cv-00011-DAD-SAB (PC), 2017 WL 1837074, at *3 (E.D. Cal. May 5, 2017) (taking judicial notice that plaintiff was "serving a fifteen year sentence for second degree burglary with a firearm enhancement.").

4

In support of his argument that the Court cannot take judicial notice of the truth of documents, Plaintiff cites to three Ninth Circuit opinions which stand for the proposition that the Court cannot take judicial notice if there is a reasonable dispute as to what a document establishes.  (ECF No. 34 at 1.)  However, Plaintiff's reliance on these cases is inapposite.  Indeed, in Lee v. City of L.A., 250 F.3d 668, 690 (9th Cir. 2001), the Ninth Circuit found the district court improperly took judicial notice of another court's opinion "of the validity of Kerry Sander's waiver [of the right to challenge his extradition] which was as yet unproved."  Likewise, in United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003), the Ninth Circuit determined the district court could not take judicial notice that the plaintiff had adequate notice of forfeiture proceedings based on documents of published notices and letters because such fact was subject to reasonable dispute.  Lastly, in Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018), the district court could take judicial notice of the fact that there was an "investor's conference call", but it could not take judicial notice of the content of such call because it was "unclear" from the transcript and subject to reasonable dispute.

However, in this case, the Court is taking judicial notice of the fact that Plaintiff is serving a sentence of life without the possibility of parole, and there is no dispute as to the accuracy of the abstract of judgment.  Rather, Plaintiff simply argues the Court cannot take judicial notice of such uncontested fact.  An abstract of judgment accurately and readily reflects an inmate's sentence and is precisely the type of document of which the Court may take judicial notice.  Galicia, 2017 WL 1837074, at *3.  Accordingly, Defendants' request for the Court to take judicial notice of Plaintiff's sentence based on the abstract of judgment is granted, and Plaintiff's motion to strike is denied.

    2.  <u>Statute of Limitations</u>

California's two-year statute of limitations for personal injury actions applies to 42 U.S.C. § 1983 claims. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Its statute of limitations for personal injury actions requires that the claim be filed within two years. See Cal. Code Civ. Proc. § 335.1.

///

The law of the forum state also governs tolling. Wallace v. Kato, 549 U.S. 384, 394 (2007) (citing Hardin v. Straub, 490 U.S. 536, 538–39 (1989)); Jones, 393 F.3d at 927 (noting that in actions where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law). Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for two years. Cal. Code Civ. Proc. § 352.1(a); Johnson v. California, 207 F.3d 650, 654 (9th Cir. 2000), overruled on other grounds, 543 U.S. 499 (2005). Accordingly, the effective statute of limitations for most California prisoners is four years (two years statutory tolling plus two-year limitations period).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace, 549 U.S. at 388; Hardin, 490 U.S. at 543–44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." Wallace, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

Here, all of Plaintiff's claims are barred by the applicable statute of limitations. As alleged in the operative second amended complaint, Plaintiff knew of the each of his alleged injuries at or near the time the injury occurred. Thus, Plaintiff's claims 1 through 4 accrued in January, February, and March of 2019, and claim 5 accrued in September 2020. (ECF No. 22 at ¶¶ 40, 43-46, 52-58, 63.)

California Code of Civil Procedure Section 352.1 also provides up to an additional two-years of tolling for prisoners. It states, in relevant part:

> (a) If a person entitled to bring an action, ... is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Code Civ. Proc., § 352.1(a).

6

However, Plaintiff is not entitled to tolling under section 352.1 because he is serving a sentence for life without the possibility of parole which excludes him from the benefit of up to two additional years. (ECF No. 31-2.)

California inmates are also entitled to tolling during the mandatory exhaustion of the administrative remedies. Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) (statute of limitations is tolled "while a prisoner completes the mandatory exhaustion process.")

Here, Plaintiff alleges that he exhausted the administrative remedies by way of grievance number 315792 which was "filed 9/24/22 and exhausted in 07/2023 at all levels in the California Department of Corrections and Rehabilitation." (ECF No. 22 at ¶ 33.) Consequently, exhaustion of the administrative remedies from September 24, 2022 to July 31, 2023, would allow for tolling of ten months. However, as explained below, even with the benefit of this tolling Plaintiff's claims are still untimely.

Claim 1 occurred on January 18, 2019, and the claim accrued no later than March 9, 2019, (ECF No. 22 at ¶ 67), resulting in the statute of limitations expiring on March 9, 2021. Claim 2 occurred January 23, 2019 to January 27, 2019, and the claim accrued on January 27, 2019, resulting in the statute of limitations expiring on January 27, 2021. Claim 3 occurred in February 2019, and the claim accrued no later than March 9, 2019, (ECF No. 22 at ¶ 67), resulting in the statute of limitations expiring on March 9, 2021. Claim 4 occurred in March 2019, and the claim accrued no later than March 9, 2019, (ECF No. 22 at ¶ 67), resulting in the statute of limitations expiring on March 9, 2021. Claim 5 occurred in September 2020, and the claim accrued no later than September 30, 2020. The statute of limitations was tolled from September 24, 2022 through July 21, 2023 (exhaustion of the administrative remedies), resulting in the limitations period expiring on August 6, 2023.

In his opposition, Plaintiff argues that he is entitled to tolling from January 2021 to May 2021 when he was temporarily adjudicated mentally incompetent in a criminal matter. (ECF No. 33 at 1, 4.) The statute of limitations may be tolled during a period of disability. See, e.g., Cal. Code Civ. Proc. § 352; Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir. 1999) (finding tolling for time period where plaintiff was "completely psychiatrically disabled.") However, even with the

7

benefit of tolling during this five-month period of time, the statute of limitations ran on all of Plaintiff's claims before the June 27, 2024, filing date. Adding tolling from January 1, 2021 to May 31, 2021, resulted in the statute of limitations expiring for Claims 1, 3, and 4 on August 9, 2021, Claim 2 on June 28, 2021, and Claim 5 on January 4, 2024 (with additional tolling from September 24, 2022 through July 23, 2023).

Plaintiff also argues that the statute of limitations should be tolled because he was incapacitated due to being under an involuntary medication order and placement in restricted housing. (ECF No. 33 at 1, 2-5.) In order for a disability to toll the limitations period, Plaintiff must demonstrate that it prevented him from timely filing the action. See, e.g., Cal. Code Civ. Proc. § 352 (tolling if person lacks "the legal capacity to make decision"); Stoll v. Runyon, 165 F.3d at 1242. Here, Plaintiff fails to demonstrate that he is psychiatrically disabled or otherwise unable to file a complaint. Indeed, Plaintiff acknowledges that he filed the complaint in this action while he was facing the same circumstances. (ECF No. 33 at 4) ("Plaintiff's forced-medication status and custodial restrictions continued after May 2021 and remain in effect.") Thus, despite those conditions Plaintiff was able to file the original complaint in this action in June 2024, as well as two amended complaints and multiple other motions in December 2025. See Estate of Stern v. Tuscan Retreat, Inc., 725 F. App'x 518, 522 (9th Cir. 2018) (finding that filing of state court action in one's own name constitutes evidence that an individual possesses legal capacity); Johnson v. Unknown Correctional Officer, No. CV 23-06583-DMG (RAO), 2024 WL 5273676, *4 (C.D. Cal. Mar. 19, 2024) ("to the extent Plaintiff is entitled to any statutory tolling for lack of legal capacity during his hospitalization at ASH and while he was under forced medication, that form of tolling would have ceased in November 2011 when Plaintiff demonstrated his ability to pursue litigation."); Celece v. Dunn Sch., No. CV 20-10139-GW-PVCx, 2022 WL 2035973, *2 (C.D. Cal. Feb. 22, 2022) ("Celece was unable to provide a plausible explanation for why she was competent enough to pursue the breach of contract action in 2000 ... but was too incompetent to pursue the instant claims from this action at th[at] time[ ]."); Miesegaes v. Allenby, No. CV 15-01574-CJC (RAO), 2020 WL 8175554, *10-11 & n.10

8

(C.D. Cal. Dec. 18, 2020).[1] Consequently, Plaintiff has failed to demonstrate that he suffered a disability which prevented him from timely filing the action. See, e.g., Hayden v. Fox, No. 2:14-cv-1004 WBS DB P, 2020 WL 3451379, at *18 (E.D. Cal. June 24, 2020) (finding no tolling where "the evidence does not show that his symptoms or functioning during the limitations period were any different than the previous periods when he had already demonstrated his ability to challenge his conviction.")

Plaintiff further argues that his claims constitute a single continuing violation. (ECF No. 33 at 2.) The continuing violation doctrine applies where a Plaintiff alleges that Defendant was involved in a "continuing practice" and the last act falls within the limitations period. Bird v. State, 935 F.3d 738, 746 (9th Cir. 2019). If one in a "series of related acts" falls within the limitations period, the Plaintiff may seek relief for both the related acts within the period and those outside. Id. But discrete acts each have their own statute of limitations, and are not actionable if time barred, "even if they are related to acts in timely filed charges." Id. at 746-47 (quoting AMTRAK v. Morgan, 536 U.S. 101, 114 (2002)).

Here, as explained above, the statute of limitations ran on all of Plaintiff's claims prior to filing the action, and the continuing violation doctrine does not apply. Bird, 935 F.3d at 746. Moreover, the alleged incidents were discrete events, each with its own statute of limitations accrual date. See National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) (limited the continuing violation doctrine in a Title VII Civil Rights Act claim, holding that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges [because] [e]ach discrete discriminatory act starts a new clock for filing charges alleging that act.")

Plaintiff also argues the Attorney General's Office has taken an inconsistent position in this case because the Attorney General "never submitted a statute-of-limitations defense in Solares v. Diaz, No. 1:20-cv-00323-LHR (E.D. Cal.). However, Solares is a wrongful death case

---

[1] In addition, although not of precedential value, see Ninth Circuit Rule 36-3(a), the Ninth Circuit, has at least three times, followed the same reasoning. See Miesegaes, 2022 WL 16756359, at *2; Estate of Stern v. Tuscan Retreat, Inc., 725 Fed. Appx. 518, 522 (9th Cir. Feb. 26, 2018); Quan v. Smithkline Beecham Corp., 149 Fed. Appx. 668, 670 (9th Cir. Sept. 20, 2005).

9

brought by the family of Luis Romero, who was killed in a cell that he shared with Plaintiff in March 2019. (Id.) The statute of limitations was not raised because the action was filed timely in 2020, well before the expiration of the statute of limitations. (Id.)

Lastly, Plaintiff argues the administrative remedies were unavailable to him and that under Ross v. Blake, 578 U.S. 632 (2016), the limitations period did not run. (ECF No. 33 at 5-6.) Plaintiff's argument is inapposite. Ross addresses whether a prisoner has exhausted the administrative remedies to bring an action, and does not deal with the applicable statute of limitations. Ross, 578 U.S. at 632. Although the time in which a prisoner exhausts the administrative remedies may toll the statute of limitations, as explained above, such tolling in this case does not save Plaintiff's claims.

### 3.  Plaintiff's Motion to File Surreply

Plaintiff has requested leave to file a surreply. Plaintiff seeks to file a surreply to address: (1) the "flurry of filings" inference used to argue Plaintiff was not impaired earlier; (2) sentence-based judicial notice arguments used to narrow tolling; and (3) request for dismissal with prejudice. (ECF No. 38 at 1.)

The court generally views motions for leave to file a surreply with disfavor. Garcia v. Biter, 195 F. Supp. 3d 1131, 1133–34 (E.D. Cal. 2016) (citing Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005)) (citing Fedrick v. Mercedes–Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a surreply. Id. (citing see U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009)) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond). A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill, 2005 WL 3031136 at *1.

Plaintiff's motion must be denied.  In referring to Plaintiff filing a "flurry" of motions in December 2025, refers to Plaintiff's claim that he was unable to file the complaint within the statute of limitations.  This did not raise a new issue or evidence but simply argued against Plaintiff's contention that he was unable to file his complaint because of involuntary medication and restrictive housing.

Plaintiff's argument that Defendants raised a "sentence-based judicial notice arguments to narrow tolling," also does not provide a valid basis to file a surreply.  Defendants did not raise any new issues or evidence as they simply made a legal argument to refute Plaintiff's contention that the Court should not take judicial notice of his abstract of judgment.

Lastly, Plaintiff contention that the request for dismissal with prejudice warrants the filing of a surreply is also without merit.  Defendants requested dismissal with prejudice in their moving papers (ECF No. 31-1), and clearly did not present a new issue or evidence.  Accordingly, Plaintiff's motion to file a surreply is denied.

## IV.
## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to strike Defendants' request for judicial notice (ECF No. 34) is DENIED;
2. Defendants' request for judicial notice (ECF No. 31-3) is GRANTED; and
3. Plaintiff's motion to file a surreply (ECF No. 38) is DENIED.

Further, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss the action (ECF No. 31) be GRANTED; and
2. The instant action be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the Court, limited to 15 pages in length, including exhibits.  The

///

document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 2, 2026**

STANLEY A. BOONE
United States Magistrate Judge