FILED

MAR 10 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

Jamie Osuna BD0868
P.O. Box 3476
Corcoran, CA 93212

                Plaintiff,

    v.

J. Burnes, et al.,

                Defendants.

No. 1:24-cv-00793-KES-SAB

OBJECTIONS TO MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), Plaintiff Jamie Osuna respectfully submits these objections to the Findings and Recommendations filed March 2, 2026 (ECF No. 48), which recommend granting Defendants' motion to dismiss on statute-of-limitations grounds and dismissing this action with prejudice. Plaintiff requests that the District Judge decline to adopt ECF No. 48, deny the motion to dismiss, and allow this action to proceed on the cognizable claims previously identified by the Court. Because the Findings and Recommendations omit a potentially dispositive tolling rule and resolve fact-dependent tolling issues on the pleadings, the limitations bar cannot be considered "complete and obvious" at the Rule 12(b)(6) stage. At minimum, dismissal with prejudice is improper. If the Court concludes additional tolling facts are required, the appropriate alternatives are supplementation, recommittal, a stay, or leave to amend—dismissal without prejudice only as a final fallback.

## I. STANDARD OF REVIEW

The District Judge must make a de novo determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). To the extent Defendants argue that any tolling theory was not fully developed before the magistrate judge, the District Judge retains discretion to consider arguments and material raised in objections, and may also receive further evidence or recommit the matter. See 28 U.S.C. § 636(b)(1); *United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000). That discretion should be exercised here because ECF No. 48 recommends the harshest possible remedy—dismissal with prejudice—while omitting a potentially dispositive borrowed tolling rule and resolving fact-bound tolling issues on the pleadings.

1

1                    **II. APPLICABLE LIMITATIONS AND TOLLING FRAMEWORK**

2            This is a federal civil rights action under 42 U.S.C. § 1983. The applicable limitations

3    period is borrowed from California's two-year personal injury statute. Cal. Civ. Proc. Code §

4    335.1; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Federal law governs accrual, while state tolling

5    rules are borrowed unless inconsistent with federal law. *Wallace*, 549 U.S. at 394; *Hardin v.*

6    *Straub*, 490 U.S. 536, 538–44 (1989).

7            A statute-of-limitations defense may be resolved on a motion to dismiss only when the

8    running of the statute is apparent on the face of the complaint and "the assertions of the

9    complaint, read with the required liberality, would not permit the plaintiff to prove that the statute

10   was tolled." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275–77 (9th Cir. 1993). Where tolling

11   or estoppel is plausibly implicated, dismissal with prejudice at Rule 12(b)(6) is improper.

12   **OBJECTION 1: ECF NO. 48 FAILS TO ADDRESS BORROWED TOLLING UNDER**

13   **CALIFORNIA GOVERNMENT CODE § 945.3**

14           ECF No. 48 recommends dismissal with prejudice on limitations grounds without

15   addressing tolling under California Government Code § 945.3. That omission matters because §

16   945.3 contains a tolling rule that the Ninth Circuit applies in § 1983 limitations analysis. See

17   *Lockett v. County of Los Angeles*, 977 F.3d 737, 741–43 (9th Cir. 2020); *Torres v. City of Santa*

18   *Ana*, 108 F.3d 224, 226–27 (9th Cir. 1997); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th

19   Cir. 1995); *Harding v. Galceran*, 889 F.2d 906, 908–09 (9th Cir. 1989).

20           Plaintiff does not argue that § 945.3 barred this federal § 1983 action from being filed.

21   *Harding* makes clear that although § 945.3's filing prohibition cannot bar a federal § 1983 suit, its

22   tolling provision still applies while qualifying criminal charges are pending. *Harding*, 889 F.2d at

23   908–09. The point here is tolling, not dismissal of the action under § 945.3.

24           The Second Amended Complaint alleges that Defendants Burnes and K. Kyle

25   manipulated Plaintiff's classification and mental-health clearance to make him double-cell

26   eligible and to force the housing decision that led to the March 2019 cell-placement incident that

27   forms the basis of Plaintiff's pending criminal case 19CM-1882. The SAC further alleges that

28   immediately after that incident custody/ISU staff stated they needed to obtain an interview from

1  Plaintiff "before anything else," then coerced a video-recorded interview by threats and by

2  withholding medical attention, food, and water until Plaintiff complied. The SAC further alleges

3  that after this incident additional threats followed, including Encinas telling Plaintiff to keep his

4  mouth shut, Navarro stating that nothing had happened "yet" because there were "a lot of eyes"

5  on Plaintiff and Defendants, Burnes later telling Plaintiff, "So, you're fighting your case, huh? ...

6  You're not going to make it that far—remember what happened last time," and Fugate and others

7  telling Plaintiff to plead guilty in case 19CM-1882 to make the retaliation stop.

8     Defendants may argue that Plaintiff's claims do not "relate to" the charged offense within

9  the meaning of § 945.3. However, the SAC alleges that the classification manipulation, double-

10 cell clearance, and housing decisions by Burnes and other custody staff set up the cell-placement

11 incident that later became the basis of Plaintiff's criminal prosecution, and that subsequent

12 threats, interviews, and investigative conduct by those same officers occurred in connection with

13 that criminal matter. At minimum, these allegations plausibly establish the required nexus

14 between peace-officer conduct and the charged offense.

15    Those allegations plausibly implicate § 945.3 tolling at least as to some claims against

16 some custody defendants who qualify as peace officers. Whether § 945.3 ultimately tolls every

17 claim or every defendant is not the question at this stage. The Findings and Recommendations

18 dismissed the entire action with prejudice without performing any § 945.3 analysis at all. Because

19 that borrowed tolling rule may apply to at least part of the case, the limitations bar is not

20 "complete and obvious" under *Cervantes*, and an across-the-board with-prejudice dismissal

21 cannot stand. If the Court concludes that additional specificity is required regarding the criminal

22 docket dates or the qualifying peace-officer nexus, the proper course is to permit supplementation

23 or amendment, not dismissal with prejudice.

24    Because ECF No. 48 does not analyze §945.3 at all, the statute-of-limitations analysis is

25 incomplete and cannot support dismissal with prejudice at the pleading stage

26 **OBJECTION 2: ECF NO. 48 MISAPPLIES *CERVANTES* BY REQUIRING PROOF OF**

27 **TOLLING AND BY USING LATER FILINGS TO NEGATE EARLIER IMPEDIMENTS**

28    ECF No. 48 states that "in order for a disability to toll the limitations period, Plaintiff

1  must demonstrate that it prevented him from timely filing the action," and then concludes

2  Plaintiff failed to do so because he later filed this case and later motions. That is not the Rule

3  12(b)(6) standard. At the pleading stage, the question is whether the allegations plausibly permit

4  tolling, not whether Plaintiff has already proven tolling with evidence. *Cervantes*, 5 F.3d at 1276–

5  77.

6        The complaint alleges not only mental-health disability and restrictive housing, but also

7  practical barriers to litigation that existed during the relevant period: interference with outgoing

8  mail, confiscation and non-return of legal materials, denial of writing instruments after the March

9  2019 incident, and threats tied to grievances, investigations, and court proceedings. See ECF No.

10  22 at 2, 6–7, 9–11, 14, 16–17.

11       Later filing activity does not conclusively disprove earlier incapacity or earlier inability to

12  litigate. California tolling doctrine contemplates that a disability may exist during one period and

13  later abate. See *Feeley v. S. Pac. Transp. Co.*, 234 Cal. App. 3d 949, 952 (1991); *Alcott Rehab.*

14  *Hosp. v. Superior Court*, 93 Cal. App. 4th 94, 101–02 (2001); *Hsu v. Mt. Zion Hosp.*, 259 Cal.

15  App. 2d 562, 571–73 (1968). At most, later filing shows that Plaintiff eventually became able to

16  file or obtained enough assistance to do so. It does not establish that Plaintiff had the same

17  practical ability, safety, capacity, or access years earlier.

18       ECF No. 48 therefore over-resolves fact-bound tolling issues on the pleadings by treating

19  later docket activity as dispositive. That is error under *Cervantes*.

20  **OBJECTION 3: ECF NO. 48 FAILS TO MEANINGFULLY ADDRESS EQUITABLE**

21  **TOLLING AND EQUITABLE ESTOPPEL BASED ON PLAINTIFF'S ALLEGED**

22  **DILIGENCE, OBSTRUCTION, AND FEAR**

23       The strongest reason dismissal with prejudice is improper is that the SAC alleges a

24  prolonged pattern of diligence by Plaintiff and obstruction by Defendants.

25       Plaintiff did not sit on his rights. The SAC alleges that Plaintiff wrote to OIA in December

26  2018 about retaliation and staff misconduct; filed grievances and outside complaints in January

27  2019; continued attempting to send letters to OIA throughout 2019; and, because his mail was not

28  getting out and he was not receiving responses, obtained help from former inmate A. Turner, who

4

1    transcribed and mailed a federal civil-rights complaint in February 2019 in case number 1:19-cv-

2    00554-AWI-EPG (see Exs. A–B). The SAC further alleges Turner mailed correspondence under

3    Turner's own return address because Plaintiff's mail was being tampered with. See ECF No. 22 at

4    6–7. Those allegations strongly support timely notice, reasonable diligence, and good faith.

5         The SAC also alleges direct interference with Plaintiff's ability to pursue litigation. After

6    the March 2019 incident, Plaintiff's legal materials relating to 1:19-cv-00554-AWI-EPG and his

7    grievances were removed from his cell and never returned. Plaintiff alleges that over the next few

8    months he had no writing tools and was not allowed to respond to court orders in that case, which

9    resulted in dismissal. See ECF No. 22 at 9–10. Those are not conclusory allegations of ordinary

10   inconvenience; they are allegations of concrete interference with actual attempts to litigate.

11        The SAC alleges specific intimidation tied to Plaintiff's attempts to complain about staff

12   misconduct. Plaintiff alleges that during a use-of-force grievance interview Defendant Burnes

13   stood behind the camera and threatened him by stating, "You better not say nothing." The SAC

14   further alleges that after this incident additional threats followed, including threats from Encinas

15   and Navarro warning Plaintiff to "keep his mouth shut" and stating that nothing had happened

16   "yet" because there were "a lot of eyes" on Plaintiff and Defendants, and with Burnes later telling

17   Plaintiff, "So, you're fighting your case, huh? ... You're not going to make it that far—remember

18   what happened last time," and Fugate and others telling Plaintiff to plead guilty in case 19CM-

19   1882 to make the retaliation stop. See ECF No. 22 at 10–11.

20        The SAC also alleges facts showing that these threats were tied to identifiable events

21   rather than speculation. Plaintiff alleges that on March 27, 2019, his inmate grievance concerning

22   retaliation and excessive force—including the Burnes interview incident—was partially granted.

23   Plaintiff further alleges that an OIA investigative report concerning incidents in the same housing

24   unit involving some of the same Defendants later found Burnes' similar "lunging/biting" use-of-

25   force justification uncorroborated in another matter. See ECF No. 22 at 10. These allegations are

26   offered not to prove the ultimate merits of the grievance but to show that the intimidation Plaintiff

27   describes arose from documented events within the grievance and investigative process, which

28   plausibly contributed to delay in pursuing litigation.

1    Under California equitable tolling, timeliness may be preserved where the plaintiff gave

2    timely notice, the defendant is not prejudiced, and the plaintiff acted reasonably and in good faith.

3    See *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 102 (2008). Under equitable

4    estoppel, a defendant may be precluded from asserting a limitations defense where the

5    defendant's own conduct caused the plaintiff's delay. *Guerrero v. Gates*, 442 F.3d 697, 706–07

6    (9th Cir. 2006); *John R. v. Oakland Unified Sch. Dist.*, 48 Cal. 3d 438, 445–46 (1989). Plaintiff's

7    allegations fit those doctrines far better than they fit a pleading-stage dismissal with prejudice.

8    ECF No. 48 does not meaningfully analyze these allegations under equitable tolling or

9    estoppel principles. Instead, it largely bypasses them and resolves timeliness as a matter of law.

10    That was error.

11    **OBJECTION 4: ECF NO. 48 OMITS OTHER RELEVANT TOLLING**

12    **CONSIDERATIONS AND USES INTERNALLY INCONSISTENT DATES**

13    ECF No. 48 also omits California's COVID Emergency Rule 9 tolling period. Even if that

14    tolling period is not dispositive by itself, it is part of the borrowed California tolling framework

15    and further confirms that the present limitations analysis is incomplete.

16    In addition, ECF No. 48 uses inconsistent exhaustion end dates—July 21, July 23, and

17    July 31, 2023—while calculating timeliness. Where the limitations analysis is both incomplete

18    and internally inconsistent, dismissal with prejudice at Rule 12(b)(6) is especially inappropriate.

19    **OBJECTION 5: DISMISSAL WITH PREJUDICE IS THE WRONG REMEDY; THE**

20    **COURT HAS MULTIPLE LESS DRASTIC OPTIONS**

21    Even if the Court concludes that the present allegations do not yet establish enough detail

22    on every tolling theory, dismissal with prejudice is unwarranted.

23    First, the Court may reject the Findings and Recommendations and allow the case to

24    proceed on the cognizable claims already identified.

25    Second, if the Court wants a more developed tolling record, it may receive limited further

26    evidence or recommit the matter for further proceedings under 28 U.S.C. § 636(b)(1). A short

27    supplement could provide public criminal docket material showing the pendency of case 19CM-

28    1882 before superior court, the Turner envelope/front page reflecting the 2019 attempted federal

1    filing through Turner, and the classification/IDTT materials reflecting Burnes' and K. Kyle's

2    participation in the double-cell decision.

3        Third, if the Court believes the pending criminal matter creates practical concerns about

4    overlapping civil litigation, the proper alternative is a stay, not dismissal with prejudice. See

5    *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324–25 (9th Cir. 1995).

6        Fourth, if the Court concludes that more detail is needed in the pleadings themselves,

7    Plaintiff should be granted leave to amend. A pro se litigant should receive leave to amend unless

8    amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127–30 (9th Cir. 2000) (en banc).

9    Here, Plaintiff can further plead the criminal-case dates relevant to § 945.3, the timing and

10   practical effect of incapacity and restrictive conditions, and the specific acts of obstruction and

11   intimidation that caused delay.

12       Dismissal without prejudice, if the Court reaches that point at all, would still be less

13   severe than dismissal with prejudice. What the Court should not do on this record is permanently

14   terminate the action despite omitted tolling analysis, plausible estoppel allegations, and several

15   available alternatives short of final dismissal.

16                              **III. CONCLUSION**

17       For the foregoing reasons, Plaintiff respectfully requests that the District Judge decline to

18   adopt the Findings and Recommendations (ECF No. 48), deny Defendants' motion to dismiss

19   (ECF No. 31), and allow this action to proceed. Alternatively, Plaintiff requests that the Court

20   either receive limited further evidence on tolling, recommit the matter for further proceedings, or

21   stay the case if the Court believes the pending criminal matter warrants that course. If the Court

22   concludes additional pleading detail is required, Plaintiff requests leave to amend. Dismissal

23   without prejudice should be the furthest fallback. Dismissal with prejudice is not warranted on

24   this record.

25   March 10, 2026

26

27

     p.p. Jamie Osuna

28

                                    7

1

2                                  **EXHIBIT A**

3

4         Envelope/mailing reflecting Turner transmission of the February 2019 complaint.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 1 of 2

Filed 02/20/19

Document 1-1

Case 3:19-cv-00913-SI

9

CORCORAN STATE PRISON

NAME *Anthony R. Turner*

CDCR NUMBER *G57511*

HOUSING *4A1P-99*

PO BOX *3476 (4001 King Ave.)*
CORCORAN, CA 93212

*LEGAL MAIL*

**STATE PRISON
GENERATED MAIL**

CORCORAN
STATE PRISON

U.S. POSTAGE PITNEY BOWES
ZIP 93212
02 1W
0001305349 FEB 11 2019
$ 001.45

*United States District Court
Northern District of Calif.
450 Golden Gate Ave.
San Francisco, CA 94102*

RECEIVED

FEB 15 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*Pro Se*

1  2  3  4  5  6  7  8  9  10  11  12  13  14  15  16  17  18  19  20  21  22  23  24  25  26  27  28

1
2
3                                   **EXHIBIT B**
4
5    First page of the February 2019 federal civil-rights complaint transcribed/mailed through Turner.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case 1:19-cv-00554-AWI-EPG   Document 1   Filed 02/20/2019   Page 1 of 31
1953 Complaint (State)

*I am personally required Court Access please in future proceeding endorsed. Thank you Clerk*

Jamie Asuna
FULL NAME
P.O. Box 3476 (4A1L-46)                    (Original)
COMMITTED NAME (if different)
(C.S.P.-Corcoran) 4001 Kings Ave
FULL ADDRESS (Including Name of Institution)
Corcoran, Calif. 93212

BD0868
PRISON NUMBER (If applicable)

**FILED**

FEB 20 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
Northern DISTRICT OF CALIFORNIA

Jamie Asuna
Plaintiff,

CV 19 — 913 SVK
(To be supplied by the Clerk)

vs.

Edmund G. Brown Jr (et al) (Governor) 2018
(Kathleen Allison, C.D.C.R Director)(Scott Kernan)
— Under Secretary Director)(Ken Clark, A.J. Chudness,
A. Randolph, A. Asuna, S. Gonzales, medics 9-10)
Defendants

**CIVIL RIGHTS COMPLAINT**
PURSUANT TO 42 USC § 1983, §1981-§1983, §1985 (C)
1)- Conspiracy Retaliation/Physical Assaults
2)- Intentional Tort-(42 USC 1983)
3)- Criminal Negligence/Malpractice
— act against Safety and Liv. safety
— MENT. (8 42 USC 1983)
4) Deliberate Indifference to Safety.

**A. JURISDICTION**

This Complaint alleges that the civil rights of

plaintiff, (Jamie Asuna - #BD0868) (4A1L-46) SHU
(print Plaintiff's name)
who presently resides at P.O.Box 3476, 4001 Kings Ave Corcoran, CA,
(mailing address/place of confinement)                    93212
were violated by the actions of the below-named

individuals, which actions were directed against plaintiff

at Corcoran State Prison            , on (dates)
(institution/city where violation occurred)
(9/29/2018) ; (9/03/2018 - 9/07/2018); 9/26/18 - 9/30/2018)
(Count I)            (Count II)            (Count III)

— 1 —

309

11