ROB BONTA, State Bar No. 202668
Attorney General of California
JON S. ALLIN, State Bar No. 155069
Supervising Deputy Attorney General
JEREMY DUGGAN, State Bar No. 229854
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-6008
Fax: (916) 324-5205
E-mail: Jeremy.Duggan@doj.ca.gov
*Attorneys for Defendants*
*Burnes, Alejo, Maytubby (Kyle), Loza, Navarro, Pena, Romero, and Sanchez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JAMIE OSUNA,**<br><br>Plaintiff,<br><br>**v.**<br><br>**BURNES, et al.,**<br><br>Defendants. | 1:24-cv-00793 KES SAB<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS**<br><br>Action Filed: June 28, 2024 |

Plaintiff Osuna brings this lawsuit alleging California Department of Corrections and Rehabilitation (CDCR) staff violated his rights in five alleged incidents in 2019 and 2020. But by the time Osuna filed his complaint, in June 2024, the statute of limitations had run as to each of his claims.

Defendants moved to dismiss on statute of limitations grounds, and the magistrate judge issued findings and recommendations to dismiss the action with prejudice. Osuna objects to the recommendation, asserting that the statute of limitations was tolled and that the magistrate judge did not properly consider his tolling arguments. But Osuna's arguments do not salvage his claims.

Osuna asserts a novel argument for tolling under Government Code section 945.3, which allows tolling while a criminal matter is pending if the claims are based on conduct of a peace officer relating to the charged criminal offense. None of the incidents Osuna alleges in this lawsuit are related to the charged criminal offense (Osuna's alleged murder of his cellmate in March 2019), and accordingly section 945.3 tolling does not apply.

Osuna also asserts for the first time that tolling for the COVID-19 emergency can save his claims. But even if that tolling is applied, Osuna's complaint was still outside the limitations period.

The findings and recommendations correctly considered and rejected Osuna's remaining arguments regarding disability tolling and equitable tolling. The findings and recommendations should be adopted in full, and Osuna's claims dismissed with prejudice.

## I. Because Osuna's Claims Do Not Allege Conduct Related to Osuna's Charged Criminal Offense, Section 945.3 Tolling Does Not Apply.

Osuna asserts that the findings and recommendations "fail[] to address borrowed tolling under Government Code § 945.3" (Pl.'s Objections to Findings and Recommendations at 2-3, ECF No. 49 (Pl.'s Objections).) First, Osuna did not raise section 945.3 tolling in his opposition to Defendant's motion to dismiss. (*See generally* Pl.'s Opp'n to Mot. to Dismiss, ECF No. 33.) It should not surprise Osuna that the findings and recommendations did not address an argument that was not raised in his opposition.

Second, section 945.3 does not apply here. Section 945.3 states that "applicable statutes of limitations" are tolled while criminal "charges are pending before a superior court" for civil actions "against a peace officer . . . based upon conduct of the peace officer relating to the offense for which the accused is charged." Cal. Gov. Code § 945.3. Section 945.3 goes on to give examples of the types of conduct covered: "including an act or omission in investigating or reporting the offense or arresting or detaining the accused." *Id.* Section 945.3 was enacted to prevent "the use of civil damage complaints as plea bargaining levers" and to "prevent use of civil false arrest suits as a device to inquire into prosecutorial materials" while criminal charges are pending. *Damjanovic v. Ambrose* (1992) 3 Cal. App. 4th 503, 507-08.

Criminal charges are pending against Osuna for the murder of his cellmate at California State Prison, Corcoran in March 2019. (*See* Second Amended Complaint ¶ 5, ECF No. 22 (SAC) (identifying Kings County case number 19CM-1882 without describing the charges); Pl.'s Objections at 2-3 (identifying the same case).) None of Osuna's claims in this case are based on "conduct of the peace officer relating to the offense" for which Osuna has been charged. As stated in Defendants' moving papers, the Court has found that Osuna stated cognizable claims based on five alleged incidents at California State Prison, Corcoran, involving Corcoran employees, as follows:

**Incident 1:** Osuna stated a cognizable claim for deliberate indifference to his safety against Burnes, Romero, and Kyle based on his allegation that on or around January 18, 2019, Burnes, Romero, and Kyle produced an inaccurate 128-G chrono listing Osuna as a Sureños gang member, which meant that Osuna could be double-celled. (SAC ¶¶ 35-36; Findings and Recommendations at 12, ECF No. 24.)

**Incident 2:** Osuna stated a cognizable claim for retaliation against Burnes and Alejo based on his allegation that on January 23, 2019, Burnes bashed Osuna's head into a wall, and Alejo stated to Osuna, "Are you gonna keep writing grievances?" and, "We'll stop when you stop." (SAC ¶ 43; Order Adopting F&R at 4.) And Osuna further stated cognizable claims against Burnes based on allegations of statements by Burnes on January 24 and 27, 2019 about Osuna's grievance filings. (SAC ¶¶ 44-46; Order Adopting Findings and Recommendations at 4, ECF No. 26.)

**Incident 3:** Osuna stated cognizable claims for both deliberate indifference to his safety and retaliation against Burnes, Pena, and Sanchez based on his allegation that, after he was double-cell cleared and filed a lawsuit, Burnes, Pena, and Sanchez made false statements to other inmates about Osuna that could incite attacks. (SAC ¶¶ 52-53; F&R at 14.)

**Incident 4:** Osuna stated a cognizable claim for retaliation against Burnes and Loza based on his allegation that in or around March 2019, they housed Osuna with an incompatible inmate after Osuna had filed a lawsuit against them. (SAC ¶¶ 54-58, 63; F&R at 14.)

**Incident 5:** Osuna stated a cognizable claim for retaliation against Navarro based on his allegation that in retaliation for an August 2020 letter written by Osuna, Navarro interviewed Osuna in September 2020, placed a can of mace on the desk pointed at Osuna, said he was put in the unit "to put out fires" and had to "break a lot of ribs" to get where he was, and told Osuna to stay out of the way from then on. (SAC ¶ 82; Order Adopting F&R at 4.)

None of these alleged incidents include acts or omissions in investigation or reporting Osuna's alleged March 2019 murder of his cellmate, or in arresting or detaining Osuna for that murder. (*See* Cal. Gov. Code § 945.3.) Instead, all of the allegations relate to Osuna's conditions of confinement at California State Prison, Corcoran for Osuna's previous crime, a 2011 murder. (*See* Abstract of Judgment at 4, ECF No. 31-2.)

Section 945.3 tolling does not apply where the alleged conduct by a peace officer relates to a different incident, and not the charged crime. In *Torres v. City of Santa Ana,* 108 F.3d 224, 228 (9th Cir. 1997), the Ninth Circuit held that where plaintiff alleged excessive force during an arrest, section 945.3 did not toll the statute of limitations during the pendency of a probation violation proceeding triggered by the arrest, because the probation violation proceeding related to plaintiff's original offense for which probation was first imposed. *Id.* The alleged conduct of officers during the arrest therefore did not relate to any pending criminal charge. *See also Cooley v. City of Vallejo,* No. 2:14-cv-0620 TLN KJN PS, 2014 U.S. Dist. LEXIS 65193, at *15-17 (E.D. Cal. May 12, 2014) (pending drug charge could not be used to toll statute of limitations for excessive force claims based on an arrest for another crime); *Porter v. L.A. Cty.*, No. CV 15-5646 PA (AJW), 2016 U.S. Dist. LEXIS 155161, at *19 (C.D. Cal. Aug. 8, 2016) (where plaintiff alleged two excessive force incidents by police officers on different dates, pendency of a charge related to one of the incidents tolled the statute of limitations as to claims arising from that incident, but not the other).

Here, the incidents Osuna alleges do not relate to his criminal charge. For each incident, Osuna was being held at California State Prison, Corcoran, for a 2011 murder. (*See* Abstract of Judgment, ECF No. 31-2 at 4.) Therefore, if Defendants' conduct relates to any crime by Osuna, it is the 2011 crime. No criminal charges are pending with regard to that crime, and accordingly

section 945.3 tolling does not apply. Indeed, Incidents 1-4 took place ***before*** the alleged March 2019 murder. (*See* SAC ¶¶ 35-36, 44-46, 52-58.) Accordingly, that alleged conduct does not relate to "the offense" with which Osuna is charged — the March 2019 murder had not happened yet, so Defendants were not investigating or reporting the murder, and were not arresting or detaining Osuna for the murder. And Incident 5 does not relate to the alleged March 2019 murder either. Osuna asserts that in September 2020, at California State Prison, Corcoran, Navarro retaliated against him for sending a letter. (SAC ¶ 82.) That does not relate to any investigation, arrest, or detention for the charged offense. *See* Cal. Gov. Code § 945.3. Instead, the claim relates to the conditions of confinement for Osuna's conviction for crimes committed in 2011.

Osuna argues that Defendants' conduct relates to the 2019 charges because "the SAC alleges that the classification manipulation, double-cell clearance, and housing decisions by Burnes and other custody staff set up" the cell placement and led to Osuna's alleged murder of his cellmate. (Pl.'s Objections at 3, ECF No. 49.) But Osuna points to no case that has ever applied section 945.3 tolling to conduct before the charged crime took place, and there is none. *See, e.g., Lockett v. Cty. of L.A.,* 977 F.3d 737, 742 (9th Cir. 2020) (section 945.3 tolled statute of limitations for *Monell* claim against county relating to events in county jail while plaintiff was held there on attempted murder charge); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (section 945.3 tolled statute of limitations for illegal search claim related to investigation of his charged crime). And Osuna points to no case where section 945.3 tolling has been applied to conduct of prison employees. (*See* Pl.'s Objections at 2-3.)

Section 945.3 tolling does not apply here because Osuna does not allege conduct by Defendants related to his charged crime. The findings and recommendations should be adopted.

## II. Tolling for COVID-19 Does Not Save Osuna's Claims.

Plaintiff asserts that the statute of limitations is tolled by "California's COVID Emergency Rule 9." (Pl.'s Objections at 6.) Even with tolling under that rule, Osuna's claims should still be dismissed.

California's Emergency Rule 9 tolled statutes of limitations for civil causes of action for 179 days from April 6, 2020, until October 1, 2020. *See* Judicial Council of Cal., Emergency

Rules Related to COVID-19, available at https://www.courts.ca.gov/documents/appendix-i.pdf. ("Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020"); *see also Pumphrey v. Battles,* No. 21-cv-09005-JSC, 2023 U.S. Dist. LEXIS 18729, at *3-4 (N.D. Cal. Feb. 3, 2023) (applying Emergency Rule 9 tolling to a § 1983 action).

Adding that time to the tolling periods previously calculated, the statute of limitations ran as to all of Plaintiff's claims before Plaintiff's June 27, 2024 filing date:

| **Incident** | **Date of Incident** | **Date of Accrual** | **Two Years From Accrual** | **Tolling** | **Statute of Limitations Ran** |
|---|---|---|---|---|---|
| 1 – Alleged Inaccurate chrono | 1/18/2019 | No later than 3/9/2019 (SAC ¶ 67) | 3/9/2021 | 4/6/2020-10/1/2020 (COVID emergency)<br><br>1/1/2021 to 5/31/2021 (incompetence adjudication (Pl.'s Opp'n at 1, ECF No. 33.)) | 2/2/22 |
| 2 – Alleged threats for filing grievances | 1/23/2019-1/27/2019 | 1/27/2019 | 1/27/2021 | 4/6/2020-10/1/2020 (COVID emergency)<br><br>1/1/2021 to 5/31/2021 (incompetence adjudication) | 12/23/2021 |
| 3 – Alleged false statements to other inmates | 2/2019 | No later than 3/9/2019 (SAC ¶ 67) | 3/9/2021 | 4/6/2020-10/1/2020 (COVID emergency)<br><br>1/1/2021 to 5/31/2021 (incompetence adjudication) | 2/22/22 |
| 4 – Alleged incompatible housing assignment | 3/2019 | No later than 3/9/2019 (SAC ¶ 67) | 3/9/2021 | 4/6/2020-10/1/2020 (COVID emergency)<br><br>1/1/2021 to 5/31/2021 (incompetence adjudication) | 2/22/22 |

| Incident | Date of Incident | Date of Accrual | Two Years From Accrual | Tolling | Statute of Limitations Ran |
|---|---|---|---|---|---|
| 5 – Alleged retaliatory interview by Navarro | 9/2020 | No later than 9/30/2020 | 9/30/2022 | 9/30/20 to 10/1/20 (COVID emergency)<br><br>1/1/2021 to 5/31/2021 (incompetence adjudication)<br><br>9/24/22 through no later than 7/31/23 (exhaustion | 1/5/2024 |

*See* Original Compl. at 162, ECF No. 1 (signed on June 27, 2024). Tolling for the COVID-19 emergency does not change the result; as to all of Osuna's claims, the statute of limitations ran before his June 2024 filing, and the findings and recommendations should be adopted.

**III. OSUNA'S OTHER ARGUMENTS ALSO FAIL.**

Osuna argues that the magistrate judge erred in finding that Osuna's involuntary medication order and restrictive housing did not toll the statute of limitations. (Pl.'s Objections 3-4.) According to Osuna, the magistrate judge required Osuna to "prove tolling with evidence" rather than taking the allegations of the SAC as true. (*Id.* at 4.) Not so. The magistrate judge determined that involuntary medication and restrictive housing did not prevent Osuna from filing a complaint because Osuna confirmed in his opposition that those conditions were in place when Osuna filed the complaint in June 2024, and when he filed other pleadings in this matter, and they did not prevent him from filing then. (Findings and Recommendations at 8, ECF No. 48 (citing Pl.'s Opp'n at 4).) Osuna's own admissions show that the involuntary medication order and restrictive housing did not prevent, and are not preventing, Osuna from filing documents in this matter. The findings and recommendations properly found no tolling.

Osuna also argues that equitable tolling or equitable estoppel could toll the statute of limitations. (Pl.'s Objections at 4-6.) But Osuna fails to show that the tolling applies here, and fails to provide information as to the duration of the supposed tolling. Equitable tolling tolls the statute of limitations to file a second claim on an issue during the pendency of a first claim. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993). Equitable tolling requires "1)

timely notice to the defendants in filing the first claim; 2) lack of prejudice to the defendants in gathering evidence for the second claim; and 3) good faith and reasonable conduct in filing the second claim." *Id.* Here, Osuna asserts he filed a first claim, but does not assert that notice was given to any Defendant, does not assert that the claims in this matter were asserted in the previous matter, and does not assert that the previous matter was pending for any length of time. (Pl.'s Objections at 4-6.) The magistrate judge did not err in rejecting Osuna's argument that the February 2019 filing tolled the statute of limitations here.

Similarly, as to equitable estoppel, Osuna fails to provide any argument or allegation that would show that equitable estoppel applies. Equitable estoppel requires action taken by a defendant to prevent a potential plaintiff from filing suit. *See Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002). Osuna asserts that Defendants Burnes discouraged him from talking in a use-of-force interview (Pl.'s Objections at 5) but does not assert or plead any facts showing that Burnes took action to prevent Osuna from filing this lawsuit. (*Id.*) Osuna has not pled or asserted facts showing equitable estoppel applies.

Last, Osuna asserts that he should be allowed leave to amend. (Pl.'s Opp'n at 6-7.) Dismissal with prejudice is appropriate where further amendment of the claims would be futile. *See Creech v. Tewalt*, 84 F.4th 777, 783 (9th Cir. 2023). Here, Osuna has had two attempts to identify tolling or another issue that would save his claim, but has failed to do so. (*See generally* Pl.'s Objections; Pl.'s Opp'n to Mot. to Dismiss.) Dismissal with prejudice is appropriate. (*See* Findings and Recommendations at 11.)

**CONCLUSION**

Osuna's claims accrued in 2019 and 2020, but he did not file suit until June 2024. By then the statute of limitations had run, and tolling cannot save Osuna's claims. The findings and recommendations should be adopted in full.

Dated: March 25, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General

/s/ *Jeremy Duggan*
JEREMY DUGGAN
Deputy Attorney General
*Attorneys for Defendants*
*Burnes, Alejo, Maytubby (Kyle), Loza, Navarro, Pena, Romero, and Sanchez*

SA2025305889