**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MAR 30 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

Jamie Osuna BD0868
PO Box 8800 CSP-COR
Corcoran, CA 93212,
                    Plaintiff,
        v.
Burnes, et al,
                    Defendants.

No.  1:24-cv-00793-KES-SAB

PLAINTIFF'S MOTION FOR LEAVE TO FILE LIMITED SUPPLEMENTAL REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS

Plaintiff Jamie Osuna respectfully moves for leave to file a limited supplemental reply addressing new matter raised in Defendants' Response to Plaintiff's Objections, ECF No. 50.

Good cause exists because ECF No. 50 raises new arguments concerning California Government Code § 945.3, including the threshold contention that Plaintiff did not raise § 945.3 in his opposition and the further contention that none of Plaintiff's claims relate to the pending March 2019 criminal case. ECF No. 50 also relies on inflammatory criminal-label rhetoric not relevant to the Rule 12 timeliness issue. In addition, after ECF No. 50 was filed, Defendants filed a related public document in *Solares v. Diaz*, No. 1:20-cv-00323-LHR-FJS, ECF No. 264, that bears directly on Defendants' assertion that there is no overlap between Plaintiff's claims and the March 2019 incident.

The proposed supplemental reply is narrow. It does not reargue every issue addressed in Plaintiff's objections. It addresses only Defendants' threshold and merits arguments concerning § 945.3, the newly filed related-case document, and Plaintiff's request that the Court disregard immaterial and prejudicial rhetoric in ECF No. 50.

Plaintiff respectfully requests that the Court grant leave to file the attached Limited Supplemental Reply, or alternatively consider the attached submission in conducting de novo review under Federal Rule of Civil Procedure 72(b)(3). Plaintiff's objections already cited the District Judge's authority to consider arguments and materials raised in objections and to receive further material or recommit the matter where needed to avoid an erroneous with-prejudice dismissal at the pleading stage.

1

**MOTION FOR LEAVE || SUPPLEMENTAL REPLY**

March 28, 2026

p.p. Jamie Osuna

**MOTION FOR LEAVE || SUPPLEMENTAL REPLY**

**EXHIBIT A**

**MOTION FOR LEAVE || SUPPLEMENTAL REPLY**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

Jamie Osuna BD0868
PO Box 8800 CSP-COR
Corcoran, CA 93212,

Plaintiff,

v.

Burnes, et al,

Defendants.

No.  1:24-cv-00793-KES-SAB

PLAINTIFF'S LIMITED SUPPLEMENTAL REPLY TO NEW MATTER RAISED IN ECF NO. 50

Plaintiff submits this limited supplemental reply solely to address new matters raised in ECF No. 50.

As a threshold matter, Defendants argue that Plaintiff did not raise § 945.3 in his opposition and that it therefore should not matter that the Findings and Recommendations did not address it. But the present posture is de novo review of objections to a recommendation dismissing the entire action with prejudice. Plaintiff's objections already explained that the District Judge may consider arguments and materials raised in objections and may receive further material or recommit the matter where necessary, especially where the recommendation would impose the harshest possible remedy while omitting a potentially dispositive borrowed tolling rule. Plaintiff submits this limited reply for that reason and not as an attempt to sandbag the record.

Defendants overread Government Code § 945.3. The statute tolls claims against a peace officer or the employing public entity based upon conduct "relating to" the charged offense, "including" acts in investigating, reporting, arresting, or detaining. Cal. Gov. Code § 945.3. The word "including" is illustrative, not limiting. CDCR correctional officers are peace officers under California law. Cal. Penal Code § 830.5(b). Federal courts borrow § 945.3 tolling in § 1983 actions. *Lockett v. County of Los Angeles*, 977 F.3d 737, 741–43 (9th Cir. 2020); *Harding v. Galceran*, 889 F.2d 906, 908–09 (9th Cir. 1989).

Plaintiff clarifies that he does not contend, absent access to sealed criminal materials, that Defendants Burnes or K. Kyle/Maytubby were formal criminal investigators. Plaintiff's point is narrower: these Defendants allegedly manipulated classification records and housing procedures

4

**MOTION FOR LEAVE || SUPPLEMENTAL REPLY**

to make Plaintiff double-cell eligible and to effectuate the March 2019 pairing underlying pending case 19CM-1882. ECF No. 50 itself identifies Incident 1 as the inaccurate 128-G/double-cell eligibility determination, Incident 3 as statements to inmates after clearance, and Incident 4 as the incompatible housing assignment. Those allegations plausibly describe the alleged setup to the charged March 2019 incident and defeat Defendants' categorical assertion that no claim can "relate to" the charged offense.

Plaintiff does not contend every incident stands on the same footing under § 945.3. However, where Incidents 1 and 4 are alleged as the setup and carrying out of the March 2019 placement, and Incident 3 supports the continuum of conduct, the limitations bar is not complete and obvious on the face of the pleadings. See *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275–77 (9th Cir. 1993). The authorities cited by Defendants involved different-incident or different-charge scenarios and do not establish a categorical rule that pre-incident setup conduct can never "relate to" the charged offense.

Defendants' own subsequent filing further undermines their no-overlap position. On March 26, 2026, in *Solares v. Diaz*, No. 1:20-cv-00323-LHR-FJS, ECF No. 264, Defendants stated that Plaintiff is the only witness with personal knowledge of the events and circumstances leading up to Plaintiff's placement in the housing unit and the events and circumstances up to and including Romero's death. Plaintiff cites that public filing only for the existence of the filing and Defendants' own characterization of the relevant subject matter, not for the truth of disputed assertions in that case. See Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). That filing undermines ECF No. 50's categorical assertion that none of Plaintiff's allegations relate to the March 2019 incident.

Plaintiff also respectfully asks the Court to disregard immaterial and prejudicial rhetoric in ECF No. 50. Defendants repeatedly use prejudicial criminal-characterization rhetoric and invoke Plaintiff's prior conviction and confinement history even though the issue before this Court is timeliness and tolling, not criminal culpability. Plaintiff respectfully asks the Court to resolve the objections using neutral terms such as "the March 2019 charged offense," "the March 2019 cell-placement incident," or "pending case 19CM-1882."

5

**MOTION FOR LEAVE || SUPPLEMENTAL REPLY**

At minimum, dismissal with prejudice remains improper at the pleading stage. Plaintiff's objections describe a broader pattern supporting tolling and estoppel, including interference with legal materials, outgoing mail, writing access, and threats tied to grievances, investigations, and court proceedings. At the motion-to-dismiss stage, the question is whether tolling is plausibly implicated, not conclusively proven. *Cervantes*, 5 F.3d at 1275–77; *Guerrero v. Gates*, 442 F.3d 697, 706–07 (9th Cir. 2006). If the Court concludes that more specificity is required, the appropriate alternatives are supplementation, amendment, recommittal, or stay—not dismissal with prejudice.

For these reasons, Plaintiff respectfully requests that the Court decline to adopt the Findings and Recommendations in full and deny dismissal with prejudice.

March 28, 2026

p.p. Jamie Osuna

**MOTION FOR LEAVE || SUPPLEMENTAL REPLY**