FILED
APR 23 2026
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Jamie Osuna BD0868
P.O. Box 800 CSP-COR
Corcoran, CA 93212,

Plaintiff,

v.

Burnes, et al,

Defendant.

No. 1:24-cv-00793-KES-SAB (PC)

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A LIMITED SUPPLEMENTAL REPLY**

Plaintiff respectfully replies to Defendants' opposition, ECF No. 52.

ECF No. 51 was not an unauthorized surreply filed as of right. Plaintiff filed a motion for leave and attached the proposed limited supplemental reply. That is the proper procedure when a document requires leave of Court. Defendants' assertion that Plaintiff "simply wants the last word" is a conclusory motive accusation, not evidence. Plaintiff sought leave because ECF No. 50 raised threshold and merits arguments concerning Government Code § 945.3 after Plaintiff filed objections, including that Plaintiff supposedly did not raise § 945.3 earlier and that none of Plaintiff's claims relate to the March 2019 charged offense. ECF No. 51 also identified a later-filed related-case public document that bears directly on Defendants' no-overlap assertion.

Defendants cannot use procedure as a one-way bar. If ECF No. 51 is treated as a prisoner motion, Local Rule 230(l) permits Defendants' opposition and permits Plaintiff's reply. If Defendants instead contend Local Rule 304 strictly bars any filing after a response to objections, then their own ECF No. 50 appears untimely. ECF No. 49 was filed March 10, 2026. Local Rule 304(d) allows responses to objections within fourteen days after service. Defendants are CM/ECF users, and service was complete through the Notice of Electronic Filing. Counting under Rule 6(a), the response deadline appears to have been March 24, 2026. ECF No. 50 was filed March 25, 2026. Plaintiff does not ask the Court to resolve this motion on technical default alone. However, if the Court considers ECF No. 50 despite its apparent untimeliness, fairness supports

allowing the limited response requested in ECF No. 51.

The governing review posture also defeats Defendants' categorical objection. Rule 72(b)(3) and 28 U.S.C. § 636(b)(1)(C) authorize the District Judge, on de novo review, to receive further evidence or recommit the matter to the magistrate judge. The Findings and Recommendations themselves recognize that a court may allow additional briefing where a valid reason exists, such as where new arguments are raised. ECF No. 48 at 10. ECF No. 50 expanded the § 945.3 arguments and presented them as a threshold bar to all claims, warranting a limited response.

Defendants also rely on characterization rather than record necessity. Defendants have not factually refuted the cognizable constitutional claims identified by the Court. They seek dismissal through limitations and procedural arguments. In that posture, collateral criminal-characterization rhetoric and unsupported motive accusations are immaterial and prejudicial. The Rule 12(b)(6) standard requires that Plaintiff's allegations be accepted as true and construed in his favor. ECF No. 48 at 2. Defendants' rhetoric is not evidence and should not substitute for legal analysis of tolling, timeliness, or leave.

Finally, Defendants rely on district-court authorities reported only in LEXIS-style formats rather than in the reporter sources listed in Local Rule 133(i)(1) and (2). ECF No. 52 cites *Miller v. Soto*, No. 1:20-cv-01117-AWI-SAB (PC), 2022 U.S. Dist. LEXIS 154986, and ECF No. 50 cites additional district-court authorities in similar format. Under Local Rule 133(i)(3)(ii), Plaintiff, as an incarcerated pro se party, was entitled to paper copies of those authorities. To the extent those copies were not provided, the Court should disregard those authorities or permit Plaintiff time after proper service to respond.

For these reasons, Plaintiff respectfully requests that the Court grant ECF No. 51, deem the attached limited supplemental reply filed, or alternatively consider the attached submission in conducting de novo review.

April 21, 2026.

p.p. Jamie Osuna